The City of Lowell *vs.* John R. Wentworth.

A city ordinance having provided, that, previous to an assessment of the expenses of building a sidewalk upon the abutters, the city auditor should give notice in writing, to each person reported to him as liable to be assessed, of his intention to make an assessment, appointing a time and place at which all persons might appear and be heard in relation to the assessment; it was held, that the giving of such notice was a condition precedent to the validity of the assessment, which was not complied with by notifying all the abutters, except one, of the time and place at which they might be heard, and afterwards notifying the remaining abutter of a different time and place, at which he might be heard.

This was an action of assumpsit, tried before *Perkins*, J., in the court of common pleas, to recover the expense of building a sidewalk on the south side of Lee street, in the city of Lowell, in front of a lot of land owned by the defendant, on which there was a dwelling-house. The jury returned a verdict for the defendant, and the plaintiffs excepted. Several exceptions were taken, only one of which was considered by the court, and is fully stated in the opinion.

*I. S. Morse,* city solicitor, for the plaintiffs.

*I. G. Abbott,* for the defendant.

19 *

City of Lowell *v.* Wentworth.

METCALF, J. We are of opinion that the judge rightly ruled, at the trial, that the defendant was entitled to a verdict.

The seventeenth chapter of the city ordinances, § 4, requires that the superintendent of streets shall " keep an exact account of all expenses incurred in building a sidewalk, and report the same, in writing, to the auditor of accounts, with the names of the persons owning estates adjoining the sidewalk, and chargeable with any part of such expense, and also the length of the sidewalk adjoining each estate." And the auditor, on receiving such report, is required to give immediate " notice in writing to each person, who shall have been reported to him as liable to be assessed, of his intention to make an assessment, ten days at least before making the same, appointing in said notice a time and place at which all persons interested may appear and be heard in relation to said assessment." This is a condition precedent to the validity of the assessment. But this condition was not complied with by the auditor, in the present case. All the owners of estates adjoining the sidewalk, except the defendant, received notice of a time and place at which they might be heard, and the defendant afterwards received notice of another time at which he alone might be heard. This was not the appointment of a time and place at which all persons interested might appear and be heard, as the ordinance directs. Nor was it a mere omission to comply with the letter of the ordinance. It was a departure from its spirit and purpose. The evident purpose of the notice is, that each proprietor of an estate adjoining the sidewalk may have an opportunity to be heard as to his just proportional share of the expense of building it. A certain sum is to be assessed on a certain number of proprietors, according to the extent and value of their respective estates. Each is interested in the amount to be assessed on all the others, and each should have opportunity not only to make suggestions and proofs respecting his own estate, but also to hear and reply to the suggestions and proofs of all others respecting theirs.

Other objections were made to the assessment. But as

we deem the one already mentioned as conclusive in the defendant's favor, we express no opinion on either of the others.                    *Exceptions overruled.*