CHARLES P. BRIGHAM *vs.* TRUE W. TOWNSEND.

Suffolk. June 24, 1875. — January 4, 1876.

A party to a contract, who agrees for a specified price to convey a good and clear title to a parcel of land, free from all incumbrances, except a mortgage of three and three fourth cents per square foot, cannot maintain an action at law upon the contract for the refusal of the other party, who has agreed to buy the land on these terms, to complete the purchase, if it appears that the land is subject to a mortgage of four and one quarter cents per square foot, although he tenders with the deed the difference in money between the incumbrance mentioned in the agreement and that existing.

CONTRACT upon an instrument under seal, dated October 24, 1872, and signed by the parties, whereby the plaintiff agreed to

sell and the defendant to purchase five lots of land, for a price named, the land to be conveyed " on or before December 1, 1872, by a good and sufficient warranty deed, conveying a good and clear title to the same, free of all incumbrances, except a mortgage of three and three fourth cents per square foot on each of said lots, No. 27, 28 and 29," and certain specified incumbrances on the other lots.

At the trial in the Superior Court, before *Pitman*, J., the defendant testified that he gave the plaintiff notice that he should not carry out the trade before the time when it should have been consummated ; but the plaintiff testified that the defendant never gave him any notice that he should not carry out the trade, and that he had no notice to that effect from the defendant ; that he went to the defendant's place of business three times on Saturday, November 30, with deeds properly executed, and with money to tender the same to the defendant, and to request him to fulfil his contract, but did not find him in, and did not seek him elsewhere; that on Monday, December 2, he went to defendant's place of business, and found him in, and then tendered him the deeds and money ; that the defendant refused to accept the same, and then told him, for the first time, that he should not carry out the trade, alleging false representations on the part of the plaintiff as the reason therefor.

The plaintiff admitted that there was a mortgage on lots 27, 28 and 29 amounting to four and one quarter cents per square foot, but testified that he took with him, and tendered to the defendant the difference between three and three fourth cents and four and a quarter in cash.

The defendant asked the judge to instruct the jury as follows : " 1. That the plaintiff should have tendered the deeds on Saturday, November 30, December 1 being on Sunday, and he was bound to seek the defendant at his place of residence and make his tender there, and that it was too late for him to make his tender on Monday, December 2.

" 2. That it was incumbent upon the plaintiff to establish his case, and to do so he was bound to prove that the premises were free from all incumbrances except those mentioned in the agreement, and that, as the incumbrance exceeded three and three fourth cents per foot on lots 27, 28 and 29, at the time he made

the tender therefor, he did not comply with the terms of the agreement, and cannot recover in this action."

The judge refused so to rule, but instructed the jury that if the plaintiff went to the defendant's place of business on Saturday, November 30, in business hours, and was prepared to tender his deed, and the defendant was not in, he was not obliged to seek him elsewhere, and that a tender on Monday, December 2, was a good tender. Also, that, if the plaintiff tendered the defendant the deeds and the difference between three and three fourth cents and four and a quarter cents per square foot in cash, it was a substantial performance of the contract and he would be entitled to recover.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to these rulings.

*C. H. Chellis*, for the defendant.

*L. W. Howes & F. W. Kittredge*, for the plaintiff.

AMES, J. The objection that the tender of the deed by the plaintiff was not seasonably made cannot be sustained, and was not relied upon at the argument. But the discrepancy between the actual amount of the incumbrance upon a portion of the land which the plaintiff was to convey and its amount as described in the contract raises a more serious question.

A portion of the land which the plaintiff was to convey subject to a mortgage of three cents and three quarters of a cent per foot proves to be subject in fact to a mortgage of four and one quarter cents per foot. It does not appear that the mortgage has become due, so that by paying the excess it would be in the power of the plaintiff literally to fulfil his contract, and give the exact title which he had bound himself to give. In a suit at common law, and in a case of mutual and dependent stipulations, where the plaintiff is himself unable to fully carry out the contract on his own part, he cannot compel the defendant to accept an equivalent. The defendant is entitled to have what he contracted for. A purchaser will not be compelled to take a doubtful title, or one subject to incumbrances more onerous than those stated in the contract. The equivalent which the plaintiff offers is the payment of a sum of money into the defendant's hands, under circumstances which might impose upon him the duty of holding it in trust, to be applied upon the mortgage at its maturity. But how-

ever that may be, the law will not compel him to accept such payment as a substitute for the original contract; and it is for him, and not for the court, to decide whether the proposed indemnity is satisfactory.    *Exceptions sustained.*