### WILLIAM LINTON *vs.* GEORGE R. HICHBORN and another.

Suffolk.    November 25. — 29, 1878.    COLT & MORTON, JJ., absent.

A valid attachment for a substantial amount, placed on the estate of a vendor of land, after the sale and before the tender of the deed, is such an incumbrance as, in a court of law, justifies the purchaser in refusing to accept the deed, and in recovering back the part of the purchase money already paid, where the conditions of sale provide that the deed is to be ready "on or before fifteen days, or as soon as the papers can be completed, from the day of sale."

CONTRACT upon an account annexed to recover back $300, paid on account of the purchase money of a parcel of real estate bought by the plaintiff at a sale by auction.    Answer, a general denial.

At the trial in the Superior Court, before *Bacon*, J., without a jury, it appeared that the conditions of sale, signed by the plaintiff, were as follows :

" South Boston, July 20, 1877.    Conditions of sale of house No. 69 A Street: $300 to be paid at sale, one half of the whole purchase money to be paid in cash, balance to remain on mortgage power of sale for three years at seven per cent interest.    Taxes for the present year to be paid by the purchaser.    Deed to be ready at the office of George R. Hichborn & Co., No. 63. Court Street, on or before fifteen days (or as soon as the papers can be completed) from the day of sale.    George R. Hichborn & Co., Auctioneers and agents for the owner, E. McDermott.

" South Boston, July 21, 1877.    Having purchased house No. 69 A Street this day at auction for the sum of $2,275, I hereby agree to conform to the conditions of said sale.    William Linton."

It further appeared that, after the sale, certain defects in the

title were discovered and releases procured, to which the plaintiff made no objection ; and on August 17, 1877, a deed of the estate was tendered by the defendants to the plaintiff, which he refused to accept, on the ground that there was an attachment upon the property; and in fact, after the sale, the estate was attached, and the attachment existed at the date of the tender.

The defendants offered to prove that the attachment was not known to them until they were informed of it by the plaintiff at the time of the tender of the deed; that, had they been informed of it, they would have taken measures to release it; and that they so stated to the plaintiff. But the judge ruled that the attachment was such an incumbrance as justified the plaintiff in refusing to accept the deed, whether the defendants knew of the existence of the attachment or not; and found for the plaintiff for the amount claimed. The defendants alleged exceptions.

*W. C. Williamson,* for the defendants. 1. The plaintiff waived all objection to the deed, except as to the existing attachment. *Gerrish* v. *Norris,* 9 Cush. 167. *Dresel* v. *Jordan,* 104 Mass. 407.

2. The defendants do not contend that the plaintiff was bound to take a title incumbered by an attachment, but, as they were ignorant of the existence of the attachment, they contend that its existence was not, of itself, proof of a breach of their contract. The defendants were, in good faith, and with the acquiescence of the plaintiff, doing all they could to perfect the title. " The fact of there being imperfections in the title at the time of the contract will form no ground of objection thereto if such objections can be removed before the time of completing the purchase." 1 Chit. Con. (11th Am. ed.) 431.

*D. B. Gove,* for the plaintiff.

BY THE COURT. The attachment admitted to have existed, although unknown to the vendors, at the date of the tender of the deed, (assuming it, as we are bound to do upon this bill of exceptions, to have been a valid attachment for a substantial amount,) was such an incumbrance as, in a court of common law, justified the purchaser in refusing to accept the deed and in recovering back the part of the purchase money already paid. *Swan* v. *Drury,* 22 Pick. 485. *Packard* v. *Usher,* 7 Gray, 529. *Barnard* v. *Lee,* 97 Mass. 92. *Brigham* v. *Townsend,* 119 Mass. 287. *Exceptions overruled.*