PETER E. DONAHUE & another *vs.* HORACE PARTRIDGE
& others.

Suffolk.    December 5, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Interest — Contract — " Completion " — Verdict — New Trial.*

If the balance due a person under a contract is not paid when due, he is entitled to interest, by way of damages for failure to pay, from the time when it should have been paid.

A written contract for doing work in the alteration of a building provided that the balance, after certain payments, was to be payable " in thirty-three days after the full completion of the contract "; and in the specifications annexed to the contract, that " the contractor is to assume all responsibility for damage to persons, property, or estates occasioned by reason of his work." *Held*, that the pendency of actions for damages caused by the doing of the work did not extend the time for payment under the contract.

A written contract for doing work in the alteration of a building provided that the balance, after certain payments, was to be payable " in thirty-three days after the full completion of the contract," and also contained a clause relating to liquidated damages if the work was not completed within a stated time.    At the trial of an action for the balance due under the contract, the judge instructed the jury fully as to what would be a full or substantial completion of the contract; and that, if the work under the contract was not substantially performed within the time limited in the contract, they should deduct from the contract price the sum named in the clause providing for liquidated damages.    No request was made for a special finding before the jury retired.    Upon the return into court of the verdict, which was for the plaintiff, without any deduction, the judge, at the defendant's request, inquired of the jury at what date, if at all, they had found that the work under the contract was substantially completed, and from what date they had computed interest.    The foreman hesitating to answer, another of the jurors said that they found that the work was substantially completed on a certain day, which was after the date limited in the contract, and that they had reckoned interest from a date which was thirty-three days later than the first named date; but another juror, addressing the court, said that their verdict was the result of a compromise.    This was all that was said by any of the jurors.    The defendant thereupon filed a motion for a new trial, which was overruled.    *Held*, that the defendant had no ground of exception.

CONTRACT, upon an account annexed, to recover a balance due under a written contract for work done in underpinning the walls of two stores on Washington Street, in Boston, and for certain extra work.    Writ dated January 13, 1891.    Trial in the Superior Court, before *Richardson*, J., who allowed a bill of exceptions, in substance as follows.

The contract under which the work in question was done provided that "if the work is not fully completed at the end of twenty-four days, as stipulated below," the plaintiffs agreed to forfeit to the defendants "the sum of twenty-five dollars for each and every day beyond the time named"; that the balance sued for, after certain payments, was to be payable "in thirty-three days after the full completion of the contract"; and in the specifications annexed to the contract, that "the contractor is to assume all responsibility for damage to persons, property, or estates occasioned by reason of his work." It was admitted that the work under the contract began on September 7, 1885; and that the twenty-four working days agreed upon for the performance of the same expired on October 3, 1885. There was evidence tending to show that a certain part of the work was done over again from October 19 to 22, 1885, which was the last work done upon the premises by the plaintiffs; that, after the plaintiffs had ceased working, the defendants employed masons to examine the work of the plaintiffs; and that these masons shored up a portion of the front of the premises on Washington Street, and did certain work upon the front walls of the same, from November 5 to 15, 1885. At various times during the entire work, from September 7 to November 15, 1885, a deputy inspector of the city of Boston inspected the same.

In November and December, 1885, and January, 1886, actions of tort were commenced by one Zinn, who was a tenant of one of the stores, against the plaintiffs, the defendants, and his lessor, William H. Allen, respectively, for damages alleged by him to have been inflicted upon his estate and business by the plaintiffs while doing their work under the contract, and in January, 1886; and Allen sued the defendants for the damages done his leasehold estate in the same store by the same work of the plaintiffs under the contract. The actions brought by Zinn were settled by the present plaintiffs in January, 1891, and prior to the time when the present action was brought. The action of Allen against these defendants was still pending at the time of the present trial.

Upon the foregoing, which was all the evidence introduced bearing upon the question of interest, the defendants requested the judge to instruct the jury that, by the terms of the contract,

interest could not commence until thirty-three days after " the full completion of the contract" ; that the contract could not be held to have been completed fully while said actions were pending or unsettled; and that in no event could interest be allowed prior to the date of the writ in the present action.

The judge declined so to rule, and instructed the jury that interest should be computed on the amount due under the contract from and after the expiration of thirty-three days from the substantial practical completion of the work under the contract; and that the mere pendency of said actions did not prevent the plaintiffs' recovery of interest, if in other respects they were entitled to recover it.　The defendants excepted.

The judge also gave full instructions as to what would be a full or substantial completion of the contract, or of the work under the same, and also upon the clause in the contract relating to liquidated damages; and instructed the jury that, if the work under the contract was not substantially performed upon the expiration of twenty-four working days from the time the work commenced, they should deduct from the contract price twenty-five dollars per day for each and every day until the contract was substantially completed.

No request was made for a special finding before the jury retired.　Upon their return with the verdict, which was for the plaintiffs without any deduction, the judge, at the request of the defendants, neither the plaintiff nor his counsel being present, inquired of the jury at what date, if at all, they had found that the work under the contract was substantially completed, and from what date they had computed interest.　The foreman hesitating to answer, another of the jurors said that they'had found that the work was substantially completed on November 15, 1885, and that they had reckoned interest from December 18, 1885 ; but another of the jurors, then addressing the court, said that their verdict was the result of a compromise.　This was all that was said by any of the jurors.

The defendants thereupon filed a motion for a new trial, at the hearing upon which motion they requested the judge to rule as follows : " The twenty-four working days under the contract having expired October 3, 1885, and no waiver as to the provision regarding liquidated damages having been proven, and the jury, in answer to an inquiry by the court, having stated that the con-

tract, or work required of the plaintiffs under the same, was not substantially performed or completed until November 15, 1885, the defendants were in law entitled to liquidated damages for the intervening period under the said contract of twenty-five dollars per day, and, the jury having failed to make this reduction, the defendants are in law entitled to have a deduction of that amount from the verdict, or to a new trial."

The defendants also contended that they were entitled to a deduction from the verdict of liquidated damages for at least sixteen days, during the period from October 3 to October 22, 1885, or to a new trial.

The judge overruled the motion; and the defendants alleged exceptions.

*S. C. Darling,* (*P. B. Runyan* with him,) for the defendants.
*I. R. Clark,* for the plaintiffs.

KNOWLTON, J.　By the terms of the contract under which this suit is brought, the balance due the plaintiffs became payable " in thirty-three days after the full completion of the contract." Inasmuch as it was not paid when due, the plaintiffs are entitled to interest, by way of damages for failure to pay, from the time when it should have been paid. *Foote* v. *Blanchard,* 6 Allen, 221. *Davis* v. *Harrington, ante,* 278.

The difference between the ruling requested and the ruling given on this point is, that the defendants' request was founded on the theory that the pendency of suits against the defendants, and also against the plaintiffs, for damages caused by the work done and the manner of doing it, extended the time for payment under the contract, and saved the defendants from a liability to pay interest.　But we are of opinion that the agreement of the plaintiffs " to assume all responsibility for damage to persons, property, or estates occasioned by reason of his work " was an independent undertaking, which was not intended to postpone payment for the work until the settlement of all controversies between the contractor and others in regard to whether any damage had been done, or in regard to the amount of the damage if there was any.　The stipulation for payment was in another part of the contract, and it fixed the time by reference to the completion of the contract.　The word " completion " has reference to that which it was in the power of the plaintiffs to

do in the performance of the work. The agreement to assume responsibility for damage had reference to possible claims, well founded or without foundation, which might be made by others. It was an undertaking to assume responsibility for all such claims as could be maintained against the defendants or the contractor growing out of his manner of doing his work. It was the intention of the parties that the plaintiffs should be paid upon the completion of their work under the contract, without waiting for the end of possible litigation on this subject. To what protection or security the defendants would have been entitled if they had needed any to save them from loss for a failure of the plaintiffs to perform this agreement, we have no occasion to inquire.

The only other exception is founded upon a request of the defendants for a ruling at the hearing on their motion for a new trial. This request assumes that there was an answer of the jury to a question put them by the presiding justice at the defendants' request when they returned their verdict. We need not determine whether the defendants would have been entitled to a deduction from the verdict, or to a new trial, if there had been such an answer on record as they assumed there was. It appears that the question was not one which the jury had been instructed to answer, and when it was put at the defendants' request after they had returned into court with their verdict, the foreman hesitated. Another juror thereupon made answer, giving the date when he said they found the work substantially completed, and the date from which they reckoned interest. " Another of the jurors then addressing the court said that their ' verdict was the result of a compromise.' " Nothing else was said by any of the jurors. No answer to the question was entered of record in connection with the verdict, and we think the presiding justice was right, under the circumstances, in not finding any such answer made by the jury as could properly be entered of record to explain their verdict. The foreman, whose duty it was to speak for the jury, was not prepared to make any answer, and two other jurors, each speaking without authority from the others, gave different accounts of how the verdict was arrived at; the other jurors remained silent. We think there was nothing to warrant the judge in attempting to correct their verdict, or to justify him in setting it aside.      *Exceptions overruled.*