ISRAEL GOLDMAN *vs.* CITY OF WORCESTER.

Worcester.   July 23, 1920. — October 13, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Implied.   *Interest.   Municipal Corporations.*

An action of contract for money had and received cannot be maintained against a municipal corporation for three per cent of an amount of money which, after it had become due to the plaintiff as the general contractor for the building of a school house, the defendant during the pendency of litigation begun by subcontractors under St. 1909, c. 514, § 23, had held on deposit in a bank account containing its general funds, receiving three per cent interest on the entire fund, where it appears that the contract between the parties provided that, if at any time there should be evidence of any lien or other claim for which, if established, the defendant "or the said premises might be liable, directly or indirectly, and which is chargeable" to the plaintiff, the defendant had the right to retain out of any payments then due or thereafter to become due to the plaintiff a sum sufficient "to completely indemnify it against any such claim," and that the contract contained no provision for the payment of interest received by the defendant upon the amount of the payments so deferred.

CONTRACT for $226.88, alleged to be money had and received by the defendant to the use and benefit of the plaintiff.   Writ dated May 15, 1918.

In the Superior Court, the action was heard by *Hammond,* J., upon the pleadings and an agreed statement of facts.

It appeared that the $226.88 sought by the plaintiff was the interest which had accrued at three per cent upon $6,875.45, which, because of certain claims filed against the defendant under the provisions of St. 1909, c. 514, § 23, was being held by the defendant as security after it was due and payable to the plaintiff on account of the contract price for the building of a school house by the plaintiff for the defendant.   The plaintiff in his brief before this court stated, "that this is not an action brought for 'interest' at six per cent on account of the detention of this $6,875.45, or as a penalty against the defendant for withholding it after it was due and payable to the plaintiff.   It was for the increment at three per cent upon that amount while it remained as a part of the general funds of the city, upon which the city was allowed

three per cent on its deposit in a bank, until the said claims were extinguished by the plaintiff."

At the close of the evidence, the plaintiff asked for the following rulings:

"1. Upon the pleadings and the agreed statement of facts the plaintiff is entitled to recover.

"2. Upon all the evidence and the agreed statement of facts the plaintiff is entitled to recover."

The rulings were refused. The judge found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*M. M. Taylor*, for the plaintiff.

*J. W. Mawbey & F. L. Riley*, for the defendant.

BRALEY, J. The general rule at law is that interest is allowed upon the ground of contract either expressed or implied for its payment, or by way of damages where money is detained, or for breach in the performance of a contract where some duty has been violated. *Dodge* v. *Perkins*, 9 Pick. 368. *Donahue* v. *Partridge*, 160 Mass. 336. *Whitcomb* v. *Whitcomb*, 217 Mass. 558. While equity generally follows the law, interest occasionally is allowed in the exercise of a sound discretion. *Williams* v. *American Bank*, 4 Met. 317. *Law* v. *East India Co.* 4 Ves. Jr. 824. See *Hollister* v. *Barclay*, 11 N. H. 501. The plaintiff accordingly must show either that his contract with the city provided for interest, or the amount retained to pay the claims of lienors had been wrongfully withheld. *Burr* v. *Commonwealth*, 212 Mass. 534.

By the terms of the contract if at any time there shall be evidence of any lien or other claim for which if established the defendant "or the said premises might be liable, directly or indirectly, and which is chargeable to the contractor," the right is given to the city to retain out of any payment then due or thereafter to become due a sum sufficient "to completely indemnify it against any such claim." The defendant lawfully could hold the money represented by the checks, which, though drawn in the plaintiff's favor, had not been delivered because of the pending bill in equity, brought under St. 1909, c. 514, § 23, to enforce payment of claims for materials furnished to, and of workmen employed on the building by a subcontractor who engaged to provide and to install the heating and ventilating plant. *Tower* v.

*Miller,* 211 Mass. 113, 114. The claims having been adjusted and the bill dismissed, no legal advantage had accrued to either of the present parties over the other because of the litigation. *Webb Granite & Construction Co.* v. *Worcester,* 187 Mass. 385, 390, 391. And, the defendant having on the day after entry of the decree delivered to the plaintiff the checks for the unpaid balance which were accepted, it is manifest that no interest is due for the temporary detention of the money.

It is conceded in the record that during the period of litigation the defendant was credited with interest on the balance in its general account, which having included the money ultimately paid to the plaintiff, he contends that even if interest as such cannot be recovered he is entitled to his proportionate part of the increment. But the defendant was not required to keep the money coming to the plaintiff under the contract separately and the title to the deposit remained in the city which sustained no fiduciary relation whatever to the plaintiff. *Vail* v. *Durant,* 7 Allen, 408, 410. *Central National Bank* v. *Connecticut Mutual Life Ins. Co.* 104 U. S. 54. It did not unconscionably or unlawfully appropriate or retain any money of the plaintiff. See *Morse* v. *Lowell,* 7 Met. 152; *Cronan* v. *Cotting,* 104 Mass. 245; *Woodward* v. *Towne,* 127 Mass. 41; *Raphael* v. *Mullen,* 171 Mass. 111; *Furber* v. *Dane,* 204 Mass. 412.

The rights of the plaintiff as between him and the city were those of a general creditor and for the reasons stated the exceptions must be overruled.

*So ordered.*