LEONARD N. SWIFT *vs.* THE COLUMBIAN NATIONAL
LIFE INSURANCE COMPANY.

Suffolk.   November 21, 1927. — February 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Insurance,* Life: policy loan.   *Interest.*

A clause in a policy of life insurance, allowing the insurer to deduct interest in advance upon loans made to the insured on the security of the policy, is not in conflict with G. L. c. 175, § 142, as amended by St. 1924, c. 75, § 3.

In making a loan of the character above described, an insurer has the right under the statute to deduct six per cent interest in full in advance at the beginning of a loan period not exceeding one year, without being required to calculate such interest so as not to result in the receipt by the insurer of a higher rate than if the interest were paid at the end of the loan period.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated December 3, 1926.

The case was heard upon an agreed statement of facts, from which it appeared that, the plaintiff being the holder of a policy of insurance upon his life in the defendant company, the defendant lent the plaintiff $425.63 on November 29, 1926, and the policy was assigned to the defendant as security for the loan.   The defendant deducted in advance the sum of $15, being interest at six per cent until June 12, 1927, when the next premium would fall due.   It was further agreed that "The plaintiff, conceding the right of the defendant to deduct interest in advance, contended that an adjustment in the amount of interest must be made so that the plaintiff should receive credit for the sum of forty-seven cents, $14.53 being the present value as of November 29, 1926, at six per cent of $15 interest payable at the end of the loan period, June 12, 1927.   The plaintiff demanded the further payment to him of this forty-seven cents and the defendant refused."

By count 1 of his declaration the plaintiff claimed forty-seven cents substantially upon the above described facts.

It further appeared from the agreed statement of facts

that, under a similar loan of $724.91 made November 29, 1926, upon a second policy, interest having been deducted in advance in the sum of $42.42 until September 24, 1927, the plaintiff demanded and was refused $2. Count 2 of the plaintiff's declaration was a claim for such sum.

It further appeared that, under a similar loan of $654.53 made November 29, 1926, upon a third policy, interest having been deducted in advance in the sum of $39.27 until November 26, 1927, the plaintiff demanded and was refused $2.35. Count 3 of the plaintiff's declaration was a claim for such sum.

The plaintiff made the following requests for rulings:

"1. Upon the pleadings and the agreed facts, there must be a finding for the plaintiff.

"2. Under the provisions of G. L. c. 175, § 142, as amended, the plaintiff was entitled to a loan from the defendant with interest at not exceeding six per cent per annum.

"3. Under the provisions of G. L. c. 175, § 142, as amended, the defendant was not warranted in deducting in advance six per cent of the plaintiff's loan.

"4. Under the provisions of G. L. c. 175, § 142, as amended, the defendant if it was to deduct the six per cent interest in advance ought to have calculated the interest by a computation which would not result in the receipt by it, by reason of such advance payment, of a higher rate than if the interest were paid at the end of the loan period.

"5. Under the provisions of G. L. c. 175, § 142, as amended, the defendant had no right to discount in advance six per cent of the principal of the loan.

"6. Under the provisions of G. L. c. 175, § 142, as amended, the defendant had no right to deduct in advance from the amount of the loan interest at six per cent per annum for the period of the loan.

"7. As to count 1 of the plaintiff's declaration, if the defendant deducted interest in advance, it was its duty to adjust the amount of interest so that the plaintiff would receive credit for the sum of forty-seven cents, $14.53 being the present value as of November 29, 1926, at six per cent of $15 interest payable at the end of the loan period, June 12, 1927.

"8. As to count 2 of the plaintiff's declaration, if the defendant deducted interest in advance, it was its duty to adjust the amount of interest so that the plaintiff would receive credit for the sum of $2, $40.42 being the present value as of November 29, 1926, at six per cent of $42.42 interest payable at the end of the loan period, September 24, 1927.

"9. As to count 3 of the plaintiff's declaration, if the defendant deducted interest in advance, it was its duty to adjust the amount of interest so that the plaintiff would receive credit for the sum of $2.35, $36.92 being the present value as of November 29, 1926, at six per cent of $39.27 interest payable at the end of the loan period, November 26, 1927.

"10. G. L. c. 175, § 142, as amended, is not a statute dealing with banking practice nor specifically with short term loans and for an insurance company to discount policy loans by deducting six per cent interest in advance is not a practice which is justifiable under the statute."

The judge granted the second request and denied the remaining requests.

The judge granted the following requests by the defendant for rulings:

"1. The plaintiff is not entitled to recover.

"2. The statute forbidding interest at a rate exceeding six per cent per annum is to be construed in accordance with the long established rule settled in Massachusetts by *Agricultural Bank* v. *Bissell,* 12 Pick. 586, and other cases."

"4. The collection of six per cent interest in advance upon the face of a short term loan not exceeding one year is not a violation of the statute."

The judge found for the defendant, and, at the plaintiff's request, reported the case to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*L. R. Chamberlin,* for the plaintiff.

*F. H. Nash,* for the defendant.

RUGG, C.J. The holder of three several life insurance policies brings this action of contract against the insurer to

recover amounts alleged to have been wrongfully withheld by way of interest collected in advance on loans made on his policies. The plaintiff borrowed money of the insurer on his policies. The insurer took interest at six per cent in advance for each year or fraction of year on the amounts borrowed. It is provided by G. L. c. 175, § 142, as amended by St. 1924, c. 75, § 3, that "After three full annual premiums have been paid on any policy . . . , the holder thereof, . . . shall . . . be entitled to a loan from the company, on the sole security of the policy, with interest at not exceeding six per cent per annum or, at the option of the company, with interest as aforesaid compounded annually, of a sum not exceeding its loan value . . . ." The sole question of law is whether the insurer has a right to discount a full six per cent at the beginning of the loan period not exceeding one year, or whether the interest, if deducted in advance, must be calculated so as not to result in the receipt by the insurer of a higher rate than if the interest were paid at the end of that loan period.

In *Agricultural Bank* v. *Bissell*, 12 Pick. 585, the question decided was that St. 1783, c. 55, did not prohibit the taking of interest in advance at the maximum permissible rate. The relevant words of that statute were, "No person . . . upon any contract . . . shall take directly or indirectly for loan of any Monies, . . . above the value of six pounds, for the forbearance of one hundred pounds for a year, and so after that rate for a greater or less sum, or for a longer or shorter time . . . ." It there was said by Chief Justice Shaw, at pages 588, 589, "That this sum a little exceeds six per cent. for one year, as fixed by the statute, is very obvious. . . . as the statute prescribes the rate of interest for *one year*, and so at the same rate, for a longer or shorter time, it is obvious, that when the interest is to be computed in days or months, it is impossible to follow the prescribed rule precisely, without taking the fraction of a day; and that this is not required, is now settled by the whole current of authorities. From the impossibility of executing the statute with literal exactness, has resulted the necessity of resorting to an execution *cy pres*, in many cases, where it is intended to conform to the intent and spirit of the statute. . . . The same

difficulty arises, in computing interest for a small number of days; and therefore some approximation, which can be made by an easy and practicable mode of computation, if made in good faith and without being intended as a cover for usury, has been considered allowable, without drawing after it the penalty of the statute.   Such being the universal practice of other persons, as well as banks, we think a jury would not be warranted, from the mere fact that the interest thus computed slightly exceeds the legal rate, to infer a corrupt and usurious agreement."   The essential words of the statute there under consideration do not differ in substance and effect from those to be interpreted in the case at bar.   That decision governs.   The circumstance that the earlier statute related to usury, and the present to loans on insurance policies, is immaterial.   Both statutes establish a rate of interest and thus relate to precisely the same subject.   Other decisions to the same effect as *Agricultural Bank* v. *Bissell* are collected in Williston on Contracts, § 1695, and Ann. Cas. 1915 C, 1156, et seq.   *Thornton* v. *Bank of Washington*, 3 Pet. 36, 40.

Each policy contained a clause to the effect that "after three years' premiums have been paid hereon, the Insured, on the sole security of this policy properly assigned, may borrow at the interest rate of six per cent. per annum, payable in advance, any sum not in excess of the Loan Value shown in the table of values" set forth in the policy.   This clause in the policy could not override the contrary terms of a statute.   *Lorando* v. *Gethro*, 228 Mass. 181.   *Opinion of the Justices*, 251 Mass. 569, 607–610.   It is, however, not in conflict but in harmony with the statute.   This clause expressly permitting collection of interest in advance is a condition in a policy which must have been approved by the commissioner of insurance under G. L. c. 175, § 132, and, forming a part of the contract between the parties, indicates that there was no unlawful intent.   *Stark* v. *Coffin*, 105 Mass. 328, 333.

There was no error in granting and denying requested rulings.

*Order dismissing report affirmed.*