HARRY RATNER *vs.* MELVIN F. HILL.

MELVIN F. HILL *vs.* HARRY RATNER.

Suffolk.    May 28, 1929. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach, For sale of real estate. *Interest.* *Practice, Civil,* Agreed statement of facts, Case stated. *Words,* "Shall."

In cross actions for breach of a contract in writing for the sale of real estate, each plaintiff attached to his declaration a copy of the contract. The copies were identical. The actions were heard together by a judge of the Superior Court upon an agreed statement of facts wherein the parties stipulated that "the only question before the court" was one of law as to the sufficiency of a deed tendered by the seller. The parties inserted in the agreed statement of facts one of two material provisions of the contract, but did not insert the other, nor did they agree that the whole contract was to be treated as hav-

ing been incorporated in the agreed statement of facts. Upon appeal by one of the parties from findings and orders for judgment in favor of the other party, it was *held,* that

    (1) The agreed statement of facts was substantially a case stated and must be treated as such;

    (2) The sole question being one of law, there was no occasion for the drawing of inferences under G. L. c. 231, § 126;

    (3) In the circumstances, this court properly might consider the entire contract in order to decide the issue presented.

A contract for the sale of real estate provided that the seller on a certain date should convey good title free of encumbrances except a mortgage of a certain amount "expiring in or within one year from date of passing papers, and . . . a lease, copy of which is hereto annexed. . . . The aforedescribed mortgage . . . shall contain a provision which will permit the equity owner . . . [to make certain changes in the premises]." There was no provision in the contract that the purchaser should pay interest under such mortgage. At the time appointed for passing papers, the seller tendered a deed conveying the land subject to a mortgage of the amount specified, which bore interest at six per cent. The purchaser refused to accept the deed because of the provision for interest under the mortgage. *Held,* that

    (1) In the absence of an agreement by the purchaser to pay interest under the mortgage which he was to assume, an obligation to do so before the mortgage became due could not be imposed upon him, the mortgage not being in existence at the time of the contract and the contract not containing a provision for the payment of interest;

    (2) The quoted provisions of the contract showed that the mortgage referred to was not then in existence;

    (3) The deed tendered by the seller was not sufficient under the terms of the contract.

An obligation is imposed by law to pay interest upon a principal sum from the time it is due, but no obligation is imposed, in the absence of an agreement to that effect, to pay interest for the period before it is due.

CONTRACT for breach of a contract for the sale of real estate. Writ in the Municipal Court of the City of Boston dated October 18, 1927. Also, a

CROSS ACTION OF CONTRACT for breach of the same contract. Writ dated October 31, 1927.

Upon removal of the first action to the Superior Court, the actions were heard together without a jury by *Weed, J.,* upon an agreed statement of facts. Material facts and portions of the contract are stated in the opinion. A copy of the contract was attached to the declaration in each action. The contract contained both provisions quoted in the opinion. The first provision was inserted in the agreed

statement of facts. The parties did not insert therein the provision, "The afore-described mortgage of thirty thousand ($30,000) dollars shall contain a provision which will permit the equity owner to demolish the buildings on the premises and to build in place thereof a brick block." In addition to the stipulation in the agreed statement of facts quoted in the opinion, the parties also stipulated as follows: "It is agreed that if Ratner was justified in refusing the deed as aforesaid, then judgment is to be entered for him in the sum of $1,500 with interest from January 25, 1927, in the 'first action' and for him, the defendant in the 'second action', with costs. If, under the agreement as aforesaid, Ratner was not justified in refusing the deed, as aforesaid, then in the 'first action' judgment to be entered for the defendant, with costs, and in the 'second action' judgment to be entered for the plaintiff in the sum of $1,500 without interest and without costs and a further entry of 'Judgment Satisfied.'" In the first action the judge found for the defendant. In the second action he found for the plaintiff in the sum of $1,500. He ordered judgment in both actions in accordance with his findings. Ratner appealed in both actions.

*C. Tichell & T. J. Casey,* for Ratner, submitted a brief.

No argument nor brief for Hill.

RUGG, C.J. The parties hereto entered into an agreement in writing and under seal, whereby Hill agreed to sell and Ratner to buy a parcel of land. The agreement contained the following provisions: "Said premises are to be conveyed on or before January 25, 1927, by a good and sufficient quitclaim deed, conveying a good and clear title to the same, free from all incumbrances, except a mortgage in the amount of thirty thousand ($30,000) dollars and expiring in or within one year from date of passing papers, and to a lease, copy of which is hereto annexed . . . . The afore-described mortgage of thirty thousand ($30,000) dollars shall contain a provision which will permit the equity owner to demolish the buildings on the premises and to build in place thereof a brick block." At the time and place stipulated in the agreement for its performance, attorneys representing each

party were present.  The attorney for Hill tendered a deed purporting to be in full performance of his obligations under the agreement.  Acceptance was refused by Ratner because it purported to convey the land subject to a mortgage for $30,000 which bore interest at the rate of six per cent. These cases were submitted to the Superior Court on an "agreed statement of facts."  Therein is this stipulation: "It is agreed that the only question before the court is this question of law, viz.: — Whether or not the tender of a deed by Hill, acceptance of which by Ratner would result in said Ratner's acquiring the property subject to a mortgage which required the payment of interest at six per centum per annum in addition to the payment of the principal, was a sufficient tender under the terms of the agreement in which the only reference to the mortgage contained no statement that the mortgage required payment of interest."  A finding was made in each case in favor of Hill.  Appeals by Ratner bring the cases here.

The agreed statement of facts has been treated, as it is in substance, as a case stated.  *Frati* v. *Jannini,* 226 Mass. 430, 431.

The agreement for sale and purchase is in writing.  Its true construction is a matter of law.  The agreed statement of facts contains no ground for the drawing of inferences of fact.  Therefore there is no occasion for the application of G. L. c. 231, § 126.

The contention of Ratner is that, the written contract having required that he take a deed free from all encumbrances "except a mortgage in the amount of thirty thousand ($30,000) dollars," he is not bound to accept a deed whereby the premises were conveyed subject to an interest-bearing mortgage of $30,000.  In *Shanahan* v. *Perry,* 130 Mass. 460, it was held that a covenant against encumbrances "except as aforesaid" in a deed which recited that the conveyance was made "subject to a mortgage deed of thirty-five hundred dollars from" a stated person and recorded in a stated book and page with Middlesex deeds, was not broken, although it was shown that the mortgage bore interest at seven per cent which had accrued before the

date of the conveyance. It was said that this mention was by way of description and identification of the mortgage "which, to the extent of all sums due thereon for principal or interest, is a single incumbrance" that had been excepted out of the covenant. The statutes require a mortgage to be recorded if it is to be of any effect except between the parties and those with notice of its existence; and purchasers can inform themselves of all its conditions by examining the records. *Dawson* v. *Grote,* 222 Mass. 240. If therefore the mortgage referred to in the agreement in the case at bar was in existence at the time of the execution of the agreement,. the purchaser could not rightly object that it bore interest. It was his duty to inform himself with regard to its condition.

If, however, that mortgage was not in existence, different considerations prevail. Interest is allowed either as damages for the wrongful retention of money or personal property, or in accord with a contract for its payment. *Wood* v. *Robbins,* 11 Mass. 504. *Dodge* v. *Perkins,* 9 Pick. 368. *Foote* v. *Blanchard,* 6 Allen, 221. *Goldman* v. *Worcester,* 236 Mass. 319. In this Commonwealth, from a very early date, a moderate charge for the use of money has been recognized as lawful. The Laws and Liberties of Massachusetts, enacted in 1648, provide under the title "Usurie" "that no man shall be adjudged for the meer forbearance of any debt, above eight pounds in the hundred for one year, and not above that rate proportionably for all sums whatsoever, *Bills* of *Exchange* excepted, neither shall this be a colour or countenance to allow any *usurie* amongst us contrary to the Law of God." The law imposes a duty to pay interest from the time payment of a principal is due, or from the time of its wrongful detention. Such payment is in its essence damages for failure to pay the principal at the time agreed upon. *Dodge* v. *Perkins, supra. Wood* v. *Robbins, supra. Goldman* v. *Worcester, supra. Greenleaf* v. *Kellogg,* 2 Mass. 568. *Gibbs* v. *Bryant,* 1 Pick. 118. *Union Institution for Savings* v. *Boston,* 129 Mass. 82. *Lamprey* v. *Mason,* 148 Mass. 231. *Burr* v. *Commonwealth,* 212 Mass. 534, 537. But the law neither imposes nor implies an obligation to pay interest

from the moment of the creation of a debt, or of a deposit. *Williams* v. *American Bank,* 4 Met. 317. *Wilcox* v. *Howland,* 23 Pick. 167. *Saunders* v. *McCarthy,* 8 Allen, 42. *Conners* v. *Holland,* 113 Mass. 50. *Hampden Cotton Mills* v. *Payson,* 130 Mass. 88. *Paul Revere Trust Co.* v. *Castle,* 231 Mass. 129, 132. Such a payment is in its essence a consideration for the use of money. That obligation must arise from special agreement of the parties. *Newman* v. *Homans,* Quincy, 5. *Tappan* v. *Austin,* 1 Mass. 31. *Ferry* v. *Ferry,* 2 Cush. 92. *Sparhawk* v. *Wills,* 6 Gray, 163. See *Swift* v. *Columbian National Life Ins. Co.* 262 Mass. 399. Whether such agreement exists is matter of fact to be proved by evidence. *Payson* v. *Lamson,* 134 Mass. 593. *Winchester* v. *Glazier,* 152 Mass. 316, 325. Unless, therefore, there was either an agreement by Ratner to pay interest on the $30,000 principal, or an agreement for its payment between the parties to the mortgage which bound him, he could not be compelled to bear the added encumbrance of interest. *Brigham* v. *Townsend,* 119 Mass. 287. His promise, silent as to interest, to take subject to a mortgage for an agreed amount does not imply a promise to pay interest accruing upon that amount before the due date of the mortgage.

The precise question to be determined is whether by the agreement in the case at bar a mortgage for $30,000 then in existence was referred to or whether a mortgage to be executed in the future for that sum was intended. The first sentence of the vital paragraph already quoted indicates that the mortgage was not then in existence but rather was one to be executed in the future. Its descriptive words "expiring in or within one year from date of passing papers" are not apt to describe an existing mortgage. They imply a mortgage, the terms of which as to due date are yet to be framed. The date of passing papers was fixed in the agreement; the expiration date of an existing mortgage must have been known, and naturally it would have been stated definitely with reference to the date of passing the papers instead of being put in such phrase as it is in the agreement. The lease, subject also to which the con-

veyance was to be made, is referred to in the agreement and a copy of it was annexed. If the mortgage had been in existence it would have been natural to annex a copy of that also as well as of the lease. If the mortgage was to be executed in the future, of course no such copy could be attached because it remained to be executed to a mortgagee to be found in the future and with whom there must be a compact as to terms. The contrast between the reference to the lease, concededly an existing contract, and to the $30,000 mortgage of itself imports the difference between a thing already created and a thing to be created in the future. The second sentence quoted above from the agreement speaks in unmistakable terms to the effect that the mortgage "shall contain" a specific provision. "Shall" in this context means, and can only mean, a mortgage to be phrased and executed and to become effective in the future. The word "'shall' *prima facie* refers to the future." *Lawrence* v. *Methuen*, 187 Mass. 592, 595, 596.

The parties have not stated in terms in the agreed statement of facts that the whole agreement, copy of which is attached to each declaration, is to be treated as incorporated in the statement. They have copied into that agreed statement the sentence first above quoted, but have omitted the second sentence quoted. Even if the cases be considered solely on the agreed statement of facts without reference to the full text of the agreement upon which the actions are founded, the proper construction is that the mortgage referred to was not then in existence. We think that in deciding the cases, since each party hereto is a plaintiff and has attached to his declaration an identical copy of the agreement, reference may be had to the agreement as an entirety in order to decide the question at issue between the parties. The result follows that the tender by Hill of a deed subject to an interest-bearing mortgage for $30,000 was not a compliance with the terms of the agreement and that Ratner was justified in refusing the deed tendered.

It follows that the finding in favor of Hill in each case must be reversed. According to the terms of the agreed

statement of facts judgment is to be entered for Ratner in the action in which he is plaintiff for the sum of $1,500 with interest from January 25, 1927, and judgment is to be entered in the action in which Hill is the plaintiff for the defendant with costs.

*So ordered.*