*Western District*

# No. 176

## MANUEL FINKELSTEIN and SHIRLEY FINKELSTEIN

### v.

## FRANCIS E. HAYDEN and GEORGE JARCK as TRUSTEES OF HAYDEN AND JARCK REALTY COMPANY

Argued: Feb. 23, 1976. Decided: Dec. 1, 1976.

Case tried to *Cimini, J.,* in the District Court of Northern Berkshire.   No. 291-71.

Present: Gould, P.J., Larkin, Walsh, J.J.

**Gould, P.J.**   This is an action of contract which was submitted upon the following statement of agreed facts:

On August 9th, 1962 the defendants conveyed to the plaintiffs lot number (13) in the Autumn Heights Sub-division located in the City of North Adams. At the time when the sub-division was originally begun, and at the time of the passing of the particular deed, municipal betterments were not available in the development. Included in the deed was the following covenant:

> "The grantors covenant with the grantees, their heirs and assigns, that they will assume any obligations arising from the levying of betterment assessments by the City of North Adams against the above described premises *within five* (5) years from the date of this deed, provided, however, that said assessments arise out of the original installation of sidewalks, roadways, sanitary sewers, water lines and surface drainage. This covenant is to run with the land." (Emphasis added).

On or about April 13, 1965, less than five years from the date of the deed from the defendants to the plaintiffs, the City Council of the City of North Adams adopted an Order to lay out and construct four streets with sidewalks and storm sewers as public ways, and the installation of sanitary sewers within the Autumn Heights Sub-division under the provisions of the Bet-

terment Act, which was duly recorded in the Northern Berkshire Registry of Deeds.

The Order of the City Council for the City of North Adams provided in pertinent part, as follows:

Ordered that the Commissioner of Public Works be and hereby is authorized to construct the sanitary sewers within the above mentioned sub-division and to construct so much of the roadways, sidewalks and storm drains thereafter as funds for same are made available by the City Council, all in accordance with plan hereinbefore referred to.

> "That as no damages will be sustained by any person and his property by reason of such sewer and road construction, no damages be awarded, and further, that betterments be assessed for said improvements, by reason of such construction of sewer and roadways, sidewalks and storm drains.
>
> "That a limited and determinable area which will receive benefit or advantage other than the general advantage to the community from said improvements, is bounded and described as follows: (Hereinafter follows a description of the boundaries of the Autumn Heights Sub-division with certain exceptions not here material).
>
> "That the betterments that will be assessed upon the several parcels of land within the aforesaid benefited area are estimated as follows:
>
> (Here follows a listing of the lot numbers, the supposed owners as of January 1, 1969, and the estimated assessments which includes the following information with regard to Manuel and Shirley Finkelstein):

### "LOT NUMBER 13

*Supposed Owner*

*Jan.* 1, 1965 — *Estimated Assessment*

| | Road | Sewer | Total |
|---|---|---|---|
| Manuel and Shirley Finkelstein | $1,115.00 | $180.00 | $1,295.00 |

The work referred to in the above document was not completed until October 11, 1968. On October 22nd, 1968, more than six years after the date of the deed, the City Council of the City of North Adams adopted an order establishing the final assessment to be made against and collected from each owner for the construction of roadways and storm sewers within the "Autumn Heights Sub-division" under the provisions of the Betterment Act. On March 21, 1969, the plaintiffs herein received a demand from the collector of taxes from the City of North Adams for the payment of the Betterments assessed against their premises for improvements. The plaintiffs therefore demanded from the defendants the amount of said betterment assessment, and the defendants refused to pay the same.

A finding was made for the defendants. No requests for rulings were filed by either party, but the plaintiffs claiming to be aggrieved by the finding requested a report to the Appellate Division for determination.

There was no error. G.L.c. 231, §108, provides that any party to a cause brought either in the Municipal Court of the City of Boston, or in any other District Court, aggrieved by any ruling on a matter of Law by a single Justice, may as of right have the ruling reported for determination by the Appellate Division, pursuant to the applicable Rules of Court.

The sole issue in this case would be the correctness of the justice's finding that the betterment assessment was not made until more than five (5) years after the date of the deed. (1).

Where cases have been submitted on agreed facts amounting to a case stated, requests for rulings have no standing. It is the duty of the justice to order the correct judgment on the agreed facts. *Richard D. Kimball Co. v. Medford,* 340 Mass. page 727, 728-729

(1960). *Quintin Vesper Co., Inc. v. Construction Service Co.,* 343 Mass. 547, 551-552 (1962). *Spitz v. Spitz,* 31 Mass. Appellate Decision 124 (1965).

We, therefore, interpret this report as presenting the question whether the justice was justified in finding for the defendants. G.L.c. 80, §1, entitled "Betterments", provides that whenever a limited and determinable area receives an advantage other than the general advantage to the community from a public improvement made by, *or in accordance with,* a formal vote or order of the Board of Officers of the Commonwealth or of a County, City, Town or District, and such order states that Betterments are to be assessed for the improvement, such Board shall *within* six months after the *completion* of the improvement, determine the value of such benefit or advantage to the land, within such area, and assess upon each parcel thereof a proportionate share of the cost of such improvement.

Section 2 of said Chapter provides with particularity the contents of such Betterment order, and provides a period of time for the recording thereof in the appropriate Registry of Deeds.

Section 12 of said Chapter also provides that assessments made under that Chapter shall constitute a lien upon the land assessed, which shall take effect upon the recording of an order stating that betterments ought to be assessed.

Provisions of Chapter 80 relating to betterments, as well as the provisions of Chapter 83 relating to storm drains, sewers and sidewalks, both contemplate the adoption of orders on an *intention of taking,* but would clearly indicate that the assessment is not made until the improvements have been completed.

The finding of the trial justice appears to have been based on a correct interpretation of Law.

No Error Found. **Report Dismissed.**