Silva, J.
This is an action of contract originally brought in the Barnstable Superior Court and transferred in accordance with G.L.c. 231, § 102C to the First District Court *18 of Barnstable, in which the Plaintiff seeks to recover amounts claimed owed in accordance with two promissory notes.
The Defendant's answer denies the amounts claimed and sets up the affirmative defenses of lack of consideration, discharge by payment, and an agreement to pay interest for a limited period of time which precludes the imposition or accrual of any interest after the due dates and at least prior to entry of a judgment against the Defendant.
The Court found for the Plaintiff in the sum of $33,500.00 plus interest in the sum of $1,340.00, from December 20, 1975, the date of the notes, to May 15,1976, the date of maturity, and interest thereafter on the principal amount ($33,500.00) at the rate of six percent per annum.
The case was submitted on the following stipulation of agreed facts together with the notes and a demand letter from the Plaintiff to the Defendant dated July 7, 1976:
1. The Defendant owes the Plaintiff the sum of Twenty-nine Thousand Dollars ($29,000.00) principal pursuant to the obligation set forth as Exhibit ‘A’[1] to the Complaint, and Four Thousand Five Hundred Dollars ($4,500.00) principal pursuant to the obligation set forth as Exhibit ‘B’[2] to the Complaint, together with total interest in the amount of One Thousand'Three Hundred Forty Dollars ($1,340.00) covering both obligations through May 15, 1976.
2. The parties disagree whether any obligation exists for the Defendant to pay interest on the obligation set forth as Exhibits ‘A’ and ‘B’ to the Complaint subsequent to May 15, 1976, and the parties requeisf that the Court rule on that issue.
3. The parties agree that on July 8, 1976, the original of the letter annexed hereto as Exhibit ‘C’[3] was received by the Defendant from the Plaintiff.
4. The Plantiff has no m'emory of who drafted the two notes represented by Exhibits ‘A’ and ‘B’ to the Complaint.
5. The Defendant would testify that the Plaintiff brought the notes set forth as Exhibits ‘A’ and “B” to him for his signature.
The Court made special findings as follows: ‘ ‘ At the close of the evidence but before *19 final arguments, the Plaintiff filed two requests for rulings upon which I rule as follows: Nos. 1 and 2 allowed, but 1 find no express or implied agreement as to the rate of interest after maturity. The Defendant filed 13 requests for rulings upon which I rule as follows: Nos. 1 and 2 allowed: Nos. 3 through 13 inclusive denied as they call for findings of fact.
G.L.c. 107, §3 provides that “(l)f there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred ... . ’ ’ The interest limitation of six percent per annum applies only if there is “no agreement or provision of law for a different rate.” Manganaro Drywall Inc. v. Penn-Simon Construction Company, et al., 357 Mass. 653, 658 (1970). We find that not only is there a provision of law for a different rate, there is an express written agreement.
Where there is an express written agreement, the statutory rate is inapplicable. (Manganaro v. Penn-Simon, supra). In all actions based on contractrual obligations upon a verdict, finding or order for Judgment for pecuniary damages, interest shall be added by the Clerk of the Court to the amount of the damages at the contract rate if established or at the rate of ten percent per annum[4] from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the Clerk of the Court, at such contractual rate, or at the rate of ten percent per annum from the date of the commencement of the action. G.L.c. 231,. § 6(c). Lexington v. Bedford, Mass. (1979)a.
Interest runs from the date of the breach and not merely from the date of the writ. Steranko v. Inforex, Inc., Mass. (1979)b, Cesco Mfg. Corp. v. Norcross, Inc., 7 Mass. App. Ct. 837, 845 (1979).
The Uniform Commerical Code (G.L.c. 106, §.3-122(4)) provides: “Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment
(a) in the case of a maker,..., of a demand instrument, from the date of demand;
(b) in all other cases from the date of accrual of the cause of action.” Very rarely will the six percent rate as set forth in G.L.c. 107, §:3 apply.
It is the law in this Commonwealth that in the absence of a clause “until payment” or similar language, the rate of interest named in a contract to be paid for the use of money when it is due is impliedly agreed between the parties to be the rate which shal 1 be paid by way of damages for the detention of the money after it is due. Union Institution for Savings v. Boston, 129 Mass. 82, 86 (1880); Ratner v. Hill, 270 Mass. 249, 253 (1930). When a contract fixes the rate of interest to be paid before maturity, the stipulated rate continues to be the compensation to which the lender is entitled for the use, or as in this case, the detention, of the money owed. Lamprey v. Mason, 148 Mass. 231, 234-235 (1889).
The Defendant claims to be aggrieved by:
1. The Trial Judge’s denial of Defendant’s Request for Rulings of Law numbered 7, 12, and 13; and
2. The Trial Judge’s allowance of the Plaintiff’s Request for Rulings, numbered 1; and
3. The imposition of interest on the sum found to be owed after May 15, 1976.
The Trial Judge’s denial of certain requests for rulings of law is of no concern to us.
“Where, as here, cases have been submitted on agreed facts amounting to a case stated, requests have no standing; it is the duty of the judge to order the correct judgment on the agreed facts. Richard D. Kimball Co. v. Medford, 340 Mass. 727, 728-29 (1960); *20 Quinton Vespa Co., Inc. v. Construction Service Co., 343 Mass. 547, 551-52 (1962); Finkelstein v. Hayden, 59 Mass. App. Dec. 145, 148 (1976).
It is hereby ordered that the matter be remanded to the First District Court of Barnstable for recomputation of interest from the date of maturity, May 15, 1976, at the rate of ten percent per annum, to the date of Judgment.

 529,000 December 20, 1975
For value received, the'undersigned, Frederick G.J. Grise, hereby promises to pay to Geoffrey D. Roberts the sum of Twenty-nine thousand (29,000) dollars on or before May 15, 1976, with interest at the rate of ten (10) per cent annum payable bi-monthly.
(signed) Frederick G.J. Grise

 $5,000.00 December 20, 1975
For value received, the undersigned, Frederick G.J. Grise, hereby promises to pay to Geoffrey D. Roberts the sum of five thousand ($5,000.00) dollars on or before May 15, 1976, with interest at the rate often (10) percent per annum payable bi-monthly.
(signed) Frederick G.J. Grise

 Mr. Frederick Grise July 7, 1976
87 Main Street Osterville, Massachusetts 02655
Dear Mr. Grise-
You will recall when we passed papers December 22, 1975, on the second half of the property at 87 Main Street, Osterville, Mass, you signed an agreement'to pay back to me $29,000 loaned to you at 10 percent interest by May 15, 1976. You signed another agreement to pay back $5,000 loaned to you at 10 percent interest by May 15, 1976. You also signed a second mortgage for $91,000 with interest at 10 percent to be paid on or before June 1, 1976.
The above makes a total of $125,000 at 10 percent or $34.25 a day as the bank charges me.
On February 24, 1976 you sent me a check for $6,000 which covered 64 days at $34.25 or $2,192 interest. It reduced the principal by $3,808; leaving due $121,192 at 10 percent or $33.20 a day.
On June 16 you sent me a check for $2,000 though $3,751.97 was due plus the principal. As of today, July 7, 1976, you are in default $2,449.17 in interest loaned. I would like a bank check immediately for the above amount and concrete assurance of payment of principal. I am sure that if it was owed to a bank, there would be no problem of payment.
I do not like to take legal action but unless this matter is cleared, I will be forced to do so.
Yours very truly, Geoffrey D. Roberts

 The ion percent late became effective September 17, 1980 - Chapter 332 of the Acts of 1980. A rate of eight pei cent was ¡neflect at the date on which the action was commenced. Chapter 224 of the Acts of 1974. See Bonita Porter v. Clerk of the Superior Court, 368 Mass. 116 (1975).
a Mass. Adv. Sh. (1979) 1909.
b Mass. App. Ct. Adv Sh (1979) 2077, 209!