Aguiar, J.
This appeal raises the issue of whether there can be prejudgment interest after a default on a contract when the contract (promissory note) called for no interest during the payment period of the note. We find no error in the award of pre-judgment interest.
The defendants made a demand note with a thirty (30) day grace period, and the plaintiff made demand of the defendants on October 7, 1992; thus, payment was to be made on or about November 6,1992. The demand note and all of the pertinent dates were made part of the complaint and therefore incorporated in the trial court’s allowance of the plaintiff’s motion for summary judgment. The promissory note called for no interest during the payment period of the note but was silent as to what interest would be charged upon default.
On October 2,1994, on a motion for assessment of damages, the court entered judgment for the plaintiff in the amount of $69,935, plus attorney fees of $4,200, plus interest and costs.
The plaintiff then obtained an execution in a total amount of $90,443.17 as of January 31; 1995.
The defendants filed a motion for relief from judgment and to stay the enforcement thereof claiming that no-prejudgment interest should be allowed because the contract called for no interest. We disagree with that argument.
It is hornbook contract law that once there is a proven default the contract is at an end unless there are specific provisions in the contract which direct what will happen after a default. Thus, the contract between the plaintiff and the defendants ended on November 6,1992. In actions to recover a debt or a liquidated sum, the law imposes a duty to pay interest from the time payment of a principal is due, or from time of its wrongful detention. Such payment is, in essence, damages for failure to pay the principal at the time agreed upon. Ratner v. Hill, 270 Mass. 249, 170 N.E. 69. Also, see Massachusetts Practice, Volume 14, section 383 at page 223. Clearly, the waiver of interest in the promissory note only applied to that period of time contemplated as the life of the note while the defendants were in compliance.
Chapter 231, section 6C of Massachusetts General Laws states, in part, that “In all actions based upon contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of court to the amount of damages (here $69,935) at the contract rate after default, if established, or at a rate of twelve per cent per annum from the date of the breach or demand.” In this case, the agreement was silent to any interest rate after default so the statutory twelve percent (12%) would prevail.
The issue of interest was fully heard and decided by the court on the motion for *5 assessment of damages. On October 2,1994, the judge entered judgment for the plaintiff in the amount of $69,935, plus attorney fees of $4,200, plus interest and costs. The execution in the total amount of $90,443.17 as of January 31, 1995, reflected the judge’s decision to include pre-judgment interest. If the judge had accepted the defendants’ argument, he would have crossed out that portion of the judgment which speaks of pre-judgment interest.
The decision of the court as to damages was not clearly erroneous and was affirmed by the judge who denied the defendants’ motion for relief from judgment and to stay enforcement thereof. The court found that the prior judge “found damages in the sum of $69,935, attorney fees in the sum of $4,200, and ‘Interest by Law’ which would include interest from date of filing to date of judgment and post judgment which was computed properly.” We find no error. The denial of file defendants’ motion for relief from judgment was correct.
The report is hereby dismissed and judgment is affirmed.