ARTHUR E. BURR, trustee, *vs.* COMMONWEALTH.

Suffolk.    May 22, 1912. — September 12, 1912.        ·

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Damages,* In contract: interest.    *Interest,* Claimed as damages.    *Commonwealth.*
    *Interpleader.    Tender.    Waiver.*

- On a petition by the trustee in bankruptcy of a contractor under R. L. c. 201 to
recover a balance due to the bankrupt under a contract made with officers or
agents of the Commonwealth for the construction of a public building, the Com-
monwealth admitted its liability for the amount named in the petition subject
to the claims for labor and materials which had been filed in compliance with
the requirements of R. L. c. 6, § 77.    The contract contained a provision that
the Commonwealth should have the right to retain an amount sufficient to
indemnify it against such claims and the bond given by the contractor provided
that the Commonwealth should retain the last payment until the discharge of all
liens for such claims.    By agreement of the petitioner, the Commonwealth and
the claimants the amount of the claims without interest was paid to the claim-
ants, leaving a small balance which the Commonwealth offered to pay to the
petitioner.    The petitioner contended that he was entitled to interest on the
amount of the whole balance before the payment of the claims from the date of
the filing of the petition to the date of such payment.    *Held,* that there was no
unlawful withholding from the petitioner of the unpaid balance of the contract
price, which it was the duty of the Commonwealth to hold in trust as security
for the claims filed under R. L. c. 6, § 77, and that this duty included the retention
of the small balance left after the payment of the claims which would have been
needed to pay the claims if the interest due on them to the time of settlement
had been paid.
Upon a petition of interpleader filed under R. L. c. 173, § 37, by the defendant in
an action of law, or by the respondent in a petition in the nature of an action at
law, the defendant or respondent by admitting his liability for the amount
claimed subject to the claims of other persons named as claimants, without
making a payment into court, does not make himself liable for the payment
of interest for which he otherwise would not be liable.
On a petition under R. L. c. 201 by a contractor against the Commonwealth to
recover the balance due on a contract for the construction of a public building,
the Commonwealth admitted its liability for the amount named subject to
claims for payments for labor and materials filed under R. L. c. 6, § 77, and by
agreement of the petitioner, the Commonwealth and the claimants the claims
were paid without interest, leaving a balance due to the petitioner.    The case
was heard by a judge upon an agreed statement of facts, with the right to
draw inferences.    The agreed facts stated that after the payment to the claim-
ants there remained in the hands of the Commonwealth the sum of about $550,
which the Commonwealth "thereupon offered to pay to the petitioner, and has
been at all times willing to pay to the petitioner unconditionally, and still

stands ready to pay." No payment into court was made. The petitioner contended that he was entitled to interest upon this balance from the time of the payment of the claimants to the time of judgment. The judge found that the petitioner was entitled to no interest. *Held*, that, even if the strict doctrine of tender was applicable as against the Commonwealth in a case of this character, the judge would be warranted in inferring that an actual tender or further steps toward it had been waived by the petitioner, and that therefore it did not appear that in disallowing interest on such final balance any error of law had been made.

PETITION, filed in the Superior Court on January 10, 1907, and amended on April 3, 1907, by the trustee in bankruptcy of the H. P. Cummings Company, a corporation, under R. L. c. 201 to recover a balance of $7,732.68 alleged to be due to the petitioner for the construction of a building at Foxborough under a contract between the petitioner's bankrupt and the Commonwealth as represented by the board of trustees of the Foxborough State Hospital.

On April 16, 1907, the Commonwealth filed a petition under R. L. c. 173, § 37, admitting its liability and that the amount thereof was not disputed, alleging that the amount was claimed by persons other than the petitioner and that the Commonwealth had no interest in the subject matter of the controversy, stating the names and residences of all known claimants and praying that they might be made parties.

The case was submitted to *Jenney*, J., upon an agreed statement of facts, which stipulated that the court should be at liberty to draw inferences of fact from the facts stated and that the pleadings might be referred to.

The material provisions of the contract between the petitioner's bankrupt and the trustees of the Foxborough State Hospital, acting as officers or agents of the Commonwealth, and also the material provisions of the bond given by the bankrupt are described in the opinion.

At the time of the filing of the petition the Commonwealth held in its possession the sum of $7,732.68, which at that time would have been payable to the petitioner if claims for payment for materials and labor had not been filed in compliance with the requirements of R. L. c. 6, § 77. On March 24, 1910, in accordance with an agreement entered into by the petitioner, the claimants and the Commonwealth, the Commonwealth paid to the claim-

ants the principal of the amounts of their respective claims, without interest, amounting to $7,175.02, and the claimants gave to the Commonwealth and to the petitioner full and absolute releases of all claims on account of work done or furnished or materials furnished by them under the contract. After the payment of such claims there remained the sum of $557.66 in the hands of the Commonwealth as due the petitioner under the contract, which the Commonwealth thereupon offered to pay to the petitioner and thereafter at all times was willing to pay to the petitioner. The Commonwealth paid no money into court.

, The petitioner contended that, in addition to the sum of $557.66 offered by the Commonwealth, he was entitled to interest on $7,732.68, from the date of the filing of the petition on January 10, 1907, to the date of the payment of the claims on March 24, 1910, amounting to $1,487.39, and that he also was entitled to interest on $557.66 from March 24, 1910, to the date of judgment.

The judge found and ruled that the petitioner was entitled to recover $557.66, and that he was not entitled to interest on that amount or to any interest on any other amount. A judgment was entered in accordance with this finding and ruling, and the petitioner appealed.

The case was submitted on briefs.

A. E. Burr, pro se.

J. M. Swift, Attorney General, & A. Marshall, Assistant Attorney General, for the Commonwealth.

HAMMOND, J. This case was submitted to the Superior Court on the pleadings and an agreed statement of facts, with the right in the court to draw inferences of fact from the facts stated; and the case is before us upon the petitioner's appeal from the final judgment entered in accordance with the finding and ruling of the court disallowing interest. The only questions relate to the matter of interest.

1. As to the claim for interest on the unpaid balance of the contract price from January 10, 1907, the date of the filing of the petition, to March 24, 1910, when the claimants were paid.

The petitioner contends in substance that upon the pleadings and the agreed statement of facts the respondent at the time of the filing of the petition owed to him the balance then unpaid, that the payment to the claimants was made on his account, and that

the usual rule that judgment is given for the amount due with interest thereon from the date of the writ, less payments on account, should be applied to this case.

But this contention is based upon an erroneous conception of the situation. There was no provision in the contract for the payment of interest, and hence interest can be allowed only as damages for a breach of the contract, or in other words for the wrongful withholding of the sum unpaid. The fundamental principle lying at the bottom of this question of interest in cases where it is claimed as damages for breach of contract is stated by Putnam, J., in *Dodge* v. *Perkins,* 9 Pick. 368, 386, as follows: "The great inquiry is, whether the party has done all that the law required of him in the particular case; whether acting on his own account, or as agent, executor, administrator, guardian or trustee for others. If he has, he is not accountable for interest; if he has not, he is accountable for it as a compensation for the non-performance of his contract." Accordingly, as a general rule it is well settled that when a debtor has been restrained by judicial proceedings, as for instance by trustee process, legal or equitable, interest does not run against him as damages during the continuance of the restraint. *Smith* v. *Flanders,* 129 Mass. 322, and cases cited. *Norris* v. *Massachusetts Mutual Life Ins. Co.* 131 Mass. 294, and cases cited.

In the present case there was no unlawful withholding from the petitioner of the unpaid balance. It is a legitimate inference from the agreed facts that the amount due from the petitioner to the various claimants for work and materials was equal to the amounts finally paid to them without interest, or nearly the whole of the unpaid balance. The respondent held this balance under the law as trustee for the claimants. They had an equitable lien upon it which had priority over any interest of the petitioner. R. L. c. 6, §§ 77, 78. *Commonwealth* v. *Nash,* 174 Mass. 335. *Burr* v. *Massachusetts School for the Feeble-Minded,* 197 Mass. 357. And it was not only the right but the duty of the respondent to hold it as security for them. Moreover by Article IX of the contract the contractor, in whose shoes the petitioner stands, agreed that the respondent should have the right to retain out of any sum due or to become due an amount sufficient to indemnify it against such claims. And the bond given by the contractor with surety

provided that the respondent should "retain the last payment and reserve due . . . [the contractor] . . . until the complete performance by . . . [the latter] . . . of all the terms, covenants and conditions of the contract on . . . [its] . . . part to be performed and until the expiration of the time within which liens or notices of liens may be filed, . . . and until the cancellation and discharge of such liens, if any." Under the circumstances of this case the term " liens " must be held to include claims filed under R. L. c. 6, §§ 77, 78. The balance was not unlawfully withheld from the petitioner, but was held in obedience to the duty imposed upon the respondent by law as the trustee for the claimants, and with the consent of the contractor as previously given in the contract and in the bond.

And this was so, even if after the settlement with the claimants there was a small balance due the petitioner. The provision of the contract was that the respondent should hold an amount sufficient to indemnify it against such claims. It is to be observed that the amount to be paid on these claims was not determined by the court, but was agreed to by all parties, and that in accordance with the agreement no interest was allowed. The fair inference from the facts agreed is that interest was legally due on these claims and that if it had been allowed up to the time of settlement the whole unpaid balance would have been needed to pay them. The respondent could not know how long the claims would remain unpaid, nor precisely what would be the amounts when paid. It had the right to withhold sufficient to indemnify it and it had the right, acting in good faith, to take into consideration the various contingencies as to the time when the claims would be paid and the sums which reasonably might be expected to be due when they finally should be established against the fund. It does not appear that in this matter the respondent went beyond the fair construction of the contract. No part of the unpaid balance having been unlawfully withheld up to the time of the payment to the claimants, the contention of the petitioner that he should be allowed for interest before that time, so far as based upon damages for breach of contract, cannot be sustained.

It is argued by the petitioner, however, that by reason of the respondent's answer the proceeding became one of interpleader under R. L. c. 173, § 37, and that it was the right of the respondent

under that statute, either to bring the unpaid balance of the contract price into court and cease to be a party to the action, in which case it would be no further answerable either for principal or interest, or, not bringing the fund into court, to remain a party and take the consequences; and that one of the consequences is a liability to pay interest upon whatever sum is finally named. It is manifest, however, that the object of the statute so far as respects interest was not to create a new or additional liability for interest, but to relieve the respondent from a liability which but for the statute would be upon him. This relief was afforded by allowing the respondent to pay the money into court for the benefit of whomsoever it might concern.

It follows that the claim for interest from the date of the filing of the petition to the payment of the claims was properly disallowed. There is nothing inconsistent with this conclusion in cases like *Converse* v. *Ware Savings Bank*, 152 Mass. 407, and *Moore* v. *Washburn*, 159 Mass. 172, cited by the petitioner.

2. As to the interest upon the balance found to be due to the petitioner after the payment to the claimants from the time of such payments to the time of judgment.

This claim for interest, as distinguished from the general claim for interest upon the whole unpaid balance, is not much noticed upon the petitioner's brief, although it seems to be insisted upon. It appears from the agreed facts that after the payment to the claimants there remained in the hands of the respondent the sum of $557.66, which the respondent "thereupon offered to pay to the petitioner, and has been at all times willing to pay to the petitioner unconditionally, and still stands ready to pay." It further appears that in the written agreement under which the respondent paid the claimants, which was signed by all parties including the petitioner, there was a stipulation that the payments were "made without prejudice to the rights of either the plaintiff or the respondent, . . . so far as the question is concerned as to whether the respondent is liable to the plaintiff for interest from the date of the filing of the petition upon the principal sum claimed." The trial judge was empowered to draw inferences of fact, and, even if the strict doctrine of tender be applicable as against the Commonwealth in a case like this, we are of opinion that under the circumstances he would be warranted in inferring that such a

tender, or any further steps to it, of the sum found to be due to the petitioner after the payment to the claimants had been waived by him. It therefore does not appear that in disallowing this interest any error of law was made. Let the order be

*Judgment affirmed.*