HENRY J. IDE, receiver, *vs.* AETNA INSURANCE COMPANY & another.

SAME *vs.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY & another.

Suffolk.    March 5, 6, 1919. — April 1, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Termination. *Insurance,* Agent's commission. *Receiver. Lien. Interest.*

An insurance company has a right at any time to terminate its agency relations with a broker; and if, upon a receiver being appointed of the estate of a broker, an insurance company, whose agent he is, itself makes a demand upon a policyholder, whose policy had been solicited and procured by the broker, for a premium due from him, such act is a termination of the agency.

After such termination of the agency, the broker has no right to demand or to sue for and collect the premium from his customer, and therefore the receiver has no right to do so in his stead.

In a suit in equity brought by a receiver of the estate of the broker, appointed under the circumstances above described, to enjoin a suit by the insurance company against the customer and to enforce payment of the premium to the plaintiff, it *was said* that it could not be contended successfully that the broker was entitled to a lien upon the premium which he had not collected; but, the insurance company agreeing that the amount of the broker's commission might be paid to the receiver, a decree was ordered that the amount of the broker's commission be paid to the plaintiff and the balance of the premium be paid to the insurance company.

In the above described suit, no question as to the liability of the policy-holder being raised, although he was a party to the suit, and he having been enjoined from making any payment pending a final decree in the suit, it was *held* that he should not be required to pay any interest.

TWO BILLS IN EQUITY and two cross bills, filed in the Superior Court on January 13, 1919, and described in the opinion. The premiums involved amounted in each suit to $500.

The facts all being agreed upon, the bills and cross bills were reserved and reported by *J. F. Brown,* J., for determination by this court.

*F. M. Forbush,* for the plaintiff.

*F. W. Eaton,* for the defendants.

CROSBY, J.   These are two suits in equity, brought by the plaintiff as receiver of the property of the copartnership of Alden and Russell, insurance agents, against the defendant companies respectively, and in which one Carleton is joined as a party defendant.

The plaintiff in each case seeks to enjoin the insurance companies from prosecuting two actions at law, which they had brought against the defendant Carleton to collect certain premiums payable on four policies of insurance issued to Carleton by the insurance companies respectively, through the firm of Alden and Russell as brokers; and to obtain payments of the premiums direct to the receiver.   The answers admit the allegations of the bill, and in each case the defendant insurance company has filed a cross bill against the defendant Carleton, praying that he be ordered to pay the premiums to it.   The answers to the cross bills admit the allegations therein.

The cases are before this court upon a report made by a judge of the Superior Court, together with an agreed statement of facts, in which it is recited that the premiums in the ordinary course of business would have been paid by Carleton to Alden and Russell and remitted by them in due course, less commissions, to the respective insurance companies.

It is the contention of the plaintiff that he is entitled to receive the premiums, as under the decree of the court appointing him he is directed to collect all debts owing to Alden and Russell. If it be assumed that the insurance brokers were entitled to a lien for commissions on premiums actually received by them in "the ordinary course of business," or otherwise, still the plaintiff as receiver has no greater right to collect the premiums than the insurance brokers would have had if a receiver had not been appointed.   The record shows that a demand for payment of the premiums was made by the companies, thereby terminating the agency of the brokers to collect them.

It was the right of the principals so to terminate the agency and collect the amount due from Carleton.   That the agency could be so terminated and vest in the principal the exclusive right to recover the amount due from the debtor is well settled.

*Barry* v. *Page,* 10 Gray, 398. *National Life Ins. Co.* v. *Allen,* 116 Mass. 398. *Foster* v. *Graham,* 166 Mass. 202. *Cushman* v. *Snow,* 186 Mass. 169. *Doucette* v. *Baldwin,* 194 Mass. 131.

It cannot be successfully contended that the brokers were entitled to a lien upon ten per cent of the premiums, which were not collected by them; but as it is agreed by the defendant companies that the amount of the commissions may be paid to the plaintiff, we see no objection to the decree so providing.

The insurance companies contend that they are respectively entitled to interest on the premiums; but no question as to the liability of the defendant Carleton to pay interest is presented by the report, and as he has been enjoined in the pending suits from making such payments he cannot be charged with interest. *Norris* v. *Massachusetts Mutual Life Ins. Co.* 131 Mass. 294, 296. *York* v. *Flaherty,* 210 Mass. 35, 42, 43. *Burr* v. *Commonwealth,* 212 Mass. 534, 537.

A decree is to be entered directing the defendant Carleton to pay to the plaintiff ten per cent of the premiums due, and to pay the balance of the premiums to the defendant companies.

*Ordered accordingly.*