BOSTON PENNY SAVINGS BANK *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.  March 5, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Interest.*

A railroad corporation, which, while in the hands of a receiver under a decree of a court of competent jurisdiction, cannot lawfully by reason of the decree make payment of interest as it falls due upon its bonds, is under no obligation, after the receivership has been discharged, to pay interest upon the delayed payments of interest.

CONTRACT upon an account annexed for $1,492.05, alleged to be due as interest upon payments of interest upon ten registered bonds of the Boston and Maine Railroad, which were delayed while that company was in the hands of a receiver. Writ dated March 1, 1920.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury, upon a statement of agreed facts, material portions of which are described in the opinion. The judge found for the defendant; and the plaintiff appealed.

*G. K. Richardson,* for the plaintiff.

*A. R. Tisdale,* for the defendant.

BRALEY, J.  The plaintiff is the owner of ten registered bonds for $10,000 each issued by the defendant May 5, 1911, on which the stipulated semiannual interest was payable on the first days of March and September in each year until maturity September 1, 1926.  The interest was regularly paid, including the payment due March 1, 1916, but on August 22, 1916, a general creditor of the defendant brought suit in the District Court of the United States for the District of Massachusetts, in which it was alleged that the plaintiff held certain promissory notes of the railroad company for a large amount which were overdue and unpaid, and "'that it is inevitable that the defendant will immediately after August 1, 1916, be faced with over $13,000,000 of its overdue notes, which it cannot pay; that undoubtedly large numbers of the holders of said notes, of whom there are now about three hundred and seventy-two, will immediately bring suits against the defendant to recover the same,' and that 'for the equal protection of the rights not only of your complainant and other holders of the promissory notes of the defendant, but of all the creditors, including holders of bonds that will not fall due for a long time to come, as well as for the protection of the stockholders of the defendant whose property is in imminent danger of being wasted, and of the public which is vitally interested in the continuous and uninterrupted operation of this great transportation system, the intervention of a court of equity is imperatively required, especially for the timely appointment of a receiver to take charge of and preserve the property of the defendant and to collect and receive and properly appropriate the income thereof, until the final decree of the court in the premises.'"  The prayer was "that the rights of the complainant and all other creditors of the defendant be ascertained and that a receiver be appointed to take charge of and administer the entire property and assets of the defendant with full authority to operate the same," and "that all creditors and stockholders and other persons be enjoined from instituting or prosecuting, or continuing the prosecution of any actions, suits, or proceedings in law or in equity or under any statute against the defendant in any court, wherever situated, and from levying any attachments, executions,

or other processes upon or against any of the property of the defendant, or from taking or attempting to take into their possession the property of the defendant or any part thereof, or any property of which the defendant has the right of possession until the further order of the court," and "that the defendant, its officers, agents and employees and all persons claiming and acting by, through or under it, and all other persons, be enjoined and restrained from interfering with the said receivers in taking possession of and managing the said property and business."

The defendant having joined issue, the court after hearing, August 29, 1916, and with the consent of the defendant entered a decree appointing a temporary receiver of all the railroad company's property and property rights of every description, and directing him to take immediate possession "of all said railroad's rolling stock, franchises, property and premises, and to run, manage, maintain and operate said railroad and property wherever situated or found." The decree also authorized and directed him to continue the operations of the railroad, and to institute and prosecute in his name as receiver, or in the name of the railroad, "such suits as may be advised by counsel for the proper protection of said property and the discharge of the trust," and "to defend, compromise, or settle all actions pending or instituted against" said railroad company, "but no payment shall be made by said receiver in respect to any of such suits other than suits relating to wages of employees, personal injuries, or damages to property in transit, or damages caused by fire in the operation of said railroad without the order or direction of the judge, and no action taken in defence of any such action or suit against said Boston and Maine Railroad shall have the effect of establishing any claims upon the right in the property or funds in the possession of the receiver or to alter or change the existing equities or legal rights of the parties."

During the receivership, which was terminated December 1, 1919, the payments were omitted, but on that date the railroad company paid the accrued interest, which the plaintiff appears to have accepted without making any claim or demand for interest on the delayed payments, the amount of which he seeks to recover in the present action. The court had jurisdiction to enter the decree. *Sage* v. *Memphis & Little Rock Railroad,* 125 U. S. 361.

The possession of the receiver was the possession of the court, which assumed the administration of the railroad, and held and administered the property for the benefit of those ultimately found to be entitled to it. *Porter* v. *Sabin*, 149 U. S. 473. The corporation therefore could not lawfully while the proceedings were pending make payment of the interest as it fell due without an order of the court for which the plaintiff never applied. The contractual relations of the parties had not been affected, but were only temporarily suspended. It is settled, that when they were simultaneously relieved from the disability to sue or to make payment by the discharge of the receivership, the enforced delay had not conferred on either any advantage over the other. *Webb Granite & Construction Co.* v. *Worcester*, 187 Mass. 385, 391, and cases cited, *Burr* v. *Commonwealth*, 212 Mass. 534, 537, *Ide* v. *Aetna Ins. Co.* 232 Mass. 523.

It being unnecessary to consider the further defence, that the acceptance of the deferred payments was a waiver of any interest thereon which was recoverable only as damages, judgment for the defendant is to be entered in accordance with the finding and direction of the trial court.

*So ordered.*