## UNITED STATES v. WORLEY et al.

### No. 51.

District Court, S. D. Indiana, Indianapolis Division.

March 8, 1940.

Val Nolan, of Indianapolis, Ind., for the United States.

William E. Reiley, of Indianapolis, Ind., for defendant Claude M. Worley. No. 1502.

Noel, Hickam, Boyd & Armstrong, of Indianapolis, Ind., for defendant Crystal Flash Petroleum Corporation.

Willson, Jones & Willson, of Indianapolis, Ind., for defendants John E. Fehsenfeld and Ruth A. Fehsenfeld.

BALTZELL, District Judge.

Special Findings of Fact

(1) At all times herein mentioned plaintiff was and now is a corporation sovereign and body politic.

(2) This is a suit by the United States of a civil nature in connection with the administration of the laws of Congress providing for internal revenue, and particularly Section 802 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Acts, p. 956, and this action is commenced and maintained at the request of the Commissioner of Internal Revenue and the action is further maintained for the collection of a fine assessed against the defendant Worley in a criminal cause No. 5535 in the District Court of the United States for the Southern District of Indiana, both at the direction of the Attorney General of the United States.

(3) The defendants Claude M. Worley, John E. Fehsenfeld, and Ruth A. Fehsenfeld at all times mentioned herein have resided and still reside in the City of Indianapolis, County of Marion, State of Indiana, within the Southern District of Indiana.

(4) The defendant Crystal Flash Petroleum Company, Inc., (whose proper corporate name is Crystal Flash Petroleum Corporation) was incorporated on the 7th day of November, 1930, and ever since has been and now is a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in the City of Indianapolis, County of Marion, State of Indiana, within the Southern District of Indiana; the defendant John E. Fehsenfeld at all such times was and now is President and director of said corporation, owning 509 shares of the stock of said company; the defendant Ruth A. Fehsenfeld, his wife, at all such times was and now is a director and Vice-President of said corporation, owning one share of the stock of said company, and the defendant Claude M. Worley at all such times was and now is a director and Secretary of said corporation owning 490 shares of the stock of said corporation. The authorized

capital stock of said Crystal Flash Petroleum Corporation is 1,000 shares of no par value, for which $20,000 was paid as the full consideration therefor by the subscribers thereto, and the original capital of said corporation was $20,000.

(5) On or about July 7, 1932, there were duly assessed by the United States, acting by and through the Commissioner of Internal Revenue, against the defendant Claude M. Worley, as income taxes, penalties and interest, for the years 1924 to 1930, inclusive, the amounts for each year being as follows:

| Year | Tax | 25% Penalty | 50% Penalty | Interest |
|------|-----|-------------|-------------|----------|
| 1924 | $ 10.42 | $ 2.61 | None | $ 4.57 |
| 1925 | 262.96 | 65.74 | None | 99.56 |
| 1926 | 42.46 | 10.62 | None | 13.53 |
| 1927 | 1,351.36 | 337.84 | $ 675.68 | 349.48 |
| 1928 | 315.12 | 78.78 | 157.56 | 62.59 |
| 1929 | 38.31 | 9.58 | 21.34 | 12.31 |
| 1930 | 3,196.84 | 799.21 | 1,598.42 | 251.32 |
| Totals | $5,217.47 | $1,304.38 | $2,453.00 | $793.36 |

Total deficiency in tax, penalties, and interest......... $9,768.21

Interest on the aforementioned sum in the aggregate sum of $4,649.58 has accumulated since the assessment on July 7, 1932, making the total gross amount of taxes, penalty, and interest to date $14,417.79. A credit against the last mentioned amount in the sum of $112.50 is due to be made, representing gold seized in a safety deposit box of the defendant Claude M. Worley on or about the 10th day of October, 1935; a further credit of $1,962.45 is due to be made on account of the sale on or about the 18th day of August, 1936, by the Collector of Internal Revenue for the Collection District of Indiana, of certain Indianapolis Power and Light Company stock belonging to the defendant Claude M. Worley; further credits of $1,960 and $980 are due to be made against the above sum on account of the payment to the Collector of Internal Revenue for the Collection District of Indiana on or about December 31, 1937, and on or about December 31, 1939, respectively, as dividends on said 490 shares of stock of the Crystal Flash Petroleum Corporation, belonging to the defendant Claude M. Worley, but which said stock was then held and is now held by the Collector of Internal Revenue for the Collection District of Indiana; there is now due the plaintiff from the defendant Claude M. Worley on account of said taxes, penalties and interest, the net sum of $9,402.84.

(6) On or about the 22nd day of July, 1932, in criminal cause No. 5535, upon a plea of guilty to the charges set forth in an indictment then pending in this court under said cause, this Court sentenced defendant Claude M. Worley to a term of five years in the federal penitentiary and assessed a fine against him in the sum of $10,000; that said fine, which is a judgment against the said Claude M. Worley, has not been paid nor any part thereof, and the same is still due and unpaid although frequent demand has been made upon him for payment thereof; that there is now due on said fine in favor of plaintiff in this cause the sum of $10,000.

(7) On or about the 8th day of July, 1932, there was filed of record with the Clerk of this Court and with the Recorder of Marion County, Indiana, an income tax lien in favor of the plaintiff arising under and by virtue of the laws of the United States, particularly Section 3186 of the Revised Statutes of the United States, as amended, 26 U.S.C.A.Int.Rev.Code §§ 3670–3677, the said lien being a lien on all property and rights to property belonging to the said defendant, Claude M. Worley.

(8) The defendant Crystal Flash Petroleum Corporation is indebted to the defendant Claude M. Worley in the sum of $2,028.16, which sum is subject to the lien in favor of the United States mentioned in Finding No. 7 herein. The following additional personal property of the defendant Claude M. Worley is likewise subject to said lien; the 490 shares of capital stock of the defendant Crystal Flash Petroleum Corporation now in possession of the Collector of Internal Revenue for the Collection District of Indiana, the same being the stock mentioned in the foregoing Finding No. 5.

(9) That the defendant Claude M. Worley at all times mentioned herein was the owner of 490 shares of stock in said Company, which said 490 shares is recorded on the books of the Company in the name of said Claude M. Worley, but is subject to the income tax lien filed on July 8, 1932, as set out in Special Finding No. 7 herein and said stock ever since July 8, 1932, has been in the possession of plaintiff and by said lien the plaintiff the United States ever since has been and now is entitled to 49% of any dividends paid by said Company since said time.

(10) That there is a sum of $2,028.16 due said Claude M. Worley from said Company, which was entered on the books of said Company at the close of the business for the year 1931 and was in the hands of said Company at the time of the notice of lien referred to in these findings and that said Company at all times has held said sum of money for the benefit of plaintiff and at all times has been ready to pay said sum to the plaintiff, as the plaintiff well knew.

(11) That at an informal meeting of the Directors of said Company held December 19, 1936, said John E. Fehsenfeld was allowed and paid a bonus of $8,000 for the year 1936 in addition to his salary of $10,-000 for said year; that said bonus for the year 1936 was disallowed by the Internal Revenue Department of the Government as excessive in relation to the services rendered for the year 1936 and the court now finds that said sum of $8,000 declared and paid to said John E. Fehsenfeld as a bonus for said year should have been and was, in effect, a dividend in the amount of $8,000 properly payable and which should have been paid as a dividend on all of the stock of said corporation for the year 1936, and that 49% of said sum of $8,000 for the year 1936 should have been paid and credited by said corporation to the plaintiff in the principal amount of $3,920; that said sum of $3,920 was retained by said Fehsenfeld and the plaintiff is entitled to recover from said Fehsenfeld said sum of $3,920, with interest for three years and one and one-half months, amounting to $735, and should have been applied to the amounts due from said Worley upon said tax lien.

(12) The court further finds that the Board of Directors on December 19, 1936, ordered paid to said J. E. Fehsenfeld, as President, the sum of $3,150 as bonuses to be paid and distributed to such employees of the Company as he should designate; that said Fehsenfeld retained the sum of $1,500 from said amount of $3,150 so ordered paid as bonuses and appropriated to himself and to his own use said sum of $1,500, which said sum should have been paid and was, in effect, a dividend upon all of the stock of said Company; that by reason of his retention of all of said sum the plaintiff is entitled to recover from said defendant 49% of said sum of $1,500, in the principal amount of $735, together with the interest thereon for three years and one and one-half months amounting to $137.81, which said amount is due and payable to the plaintiff upon its claim against the defendant Worley, and which amount, when paid, should be applied to the reduction of the tax lien against said stock of said Worley.

### Conclusions of Law.

And the court now states its conclusions of law upon the foregoing findings of fact as follows:

I. The plaintiff, the United States of America, is entitled to recover from the defendant Worley the sum of $19,402.84, together with interest thereon at the rate of six per cent per annum from and after the date hereof until paid.

II. The plaintiff, the United States, holds and is entitled to a lien by reason of its notice of levy of July 8, 1932, upon 490 shares of the no par value capital stock of the defendant Crystal Flash Petroleum Corporation standing in the name of the defendant Worley, and upon all sums of money owing to said defendant Worley from said defendant Crystal Flash Petroleum Corporation on or after said 8th day of July, 1932.

III. The plaintiff, the United States, is entitled to an order requiring the defendant Crystal Flash Petroleum Corporation to pay to the plaintiff, to be credited and applied upon the said judgment against the defendant Worley, the sum of $2,028.-16.

IV. The plaintiff, the United States, is entitled to an order requiring the defendant J. E. Fehsenfeld to pay to the plaintiff, on account of said amounts paid to him which were in effect dividends, to be credited and applied upon the said judgment against the defendant Worley, the principal sum of $3,920 plus interest in the amount of $735, and in addition thereto, the principal sum of $735 plus interest in

the amount of $137.81, aggregating the sum of $5,527.81, together with interest at the rate of six per cent per annum from and after the date hereof until paid.

V. The plaintiff, the United States, is entitled to be paid from the proceeds of the sale of said 490 shares of capital stock of Crystal Flash Petroleum Corporation the amount of said judgment against the defendant Worley, after crediting thereon the said sum of $2,028.16 to be paid by defendant Crystal Flash Petroleum Corporation and after crediting thereon said sum of $5,527.81 to be paid by said defendant J. E. Fehsenfeld, upon the payment of said respective sums.

VI. The plaintiff, the United States, is entitled to an order directing the sale of said 490 shares of capital stock of Crystal Flash Petroleum Corporation, in the manner and upon the notice and terms provided by the laws of the United States for sales in such cases, the proceeds of said sale to be applied as follows: First, to the payment of the costs in this cause; second, to the payment of said judgment against the defendant Worley; third, as to any overplus of said proceeds to such person or persons as the court may direct; said judgment to remain in full force and effect to the extent that the payments herein ordered to be made and the proceeds of said sale applied as herein provided shall be insufficient to pay the same.