*Municipal Court of the City of Boston*

No. 343227

## HABEEB WYSHAK

v.

## UNITED STATES STEEL CORPORATION

(February 26, 1953)

*Lewiton, J.* The defendant corporation, having received notice of a tax lien filed by the United States against the property of the plaintiff, a stockholder of the defendant, withheld payment of dividends to him until notified that the lien was discharged. In this action of contract, the plaintiff sued to recover interest on the amounts so withheld. At the trial, the court declined to pass on numerous requests for rulings submitted by the plaintiff, and ruled that the plaintiff was not entitled to recover. The case is reported, on the plaintiff's claim that he was aggrieved by such rulings.

The evidence, which was substantially uncontradicted, tended to show the following facts:

In February, 1946, and at all material times thereafter, the plaintiff was the owner of several hundred shares of stock in the defendant corporation. On February 11, 1946, the defendant received formal written notice of a tax lien filed by the Internal Revenue Service of the United States Treasury Department against all property of the plaintiff. Thereafter, when dividends were declared by the defendant on its oustanding stock, those payable on the shares owned by the plaintiff were withheld, and retained in a separate account, pending discharge of the tax lien. The plaintiff was advised that the dividends were being withheld because of the Notice of Tax Lien received by the defendant.

On March 15, 1950, counsel for the plaintiff forwarded to the defendant copies of the discharges of all pending tax liens against his property and requested the defendant to forward to the plaintiff all dividends withheld by it, "with interest from the respective dates on which they should have been paid." On April 4, 1950, the defendant sent a letter to the plaintiff, listing all dividends which had been declared on his stock and withheld, and enclosing a check for $6,810.00, "in payment of" the withheld dividends. The plaintiff received this letter and check in due course, and cashed the check on April 7, 1950. On May 24, 1950, counsel for the plaintiff wrote to the defendant, demanding interest on each withheld dividend, from the date of its declaration to the date of payment. To this letter, the defendant replied that the dividends were withheld solely because the defendant "was prevented by the Notice of Tax Lien from paying them to" the plaintiff, and declined to pay any interest thereon, whereupon the plaintiff commenced this action.

At no time did any officer or agent of the United States levy upon the retained dividends, or commence any proceedings to enforce its lien.

The trial judge disposed of the plaintiff's requests for rulings, and made his own findings and rulings, in the following statement:

"I have purposely refrained from passing on the many requests for rulings filed by the plaintiff for the reason that the sole issues arising from this cause concern the question whether the defendant was within its rights in withholding payment of dividends during the pendency of the lien. I find that after receiving a notice of a lien from the Bureau of Internal Revenue the defendant withheld all dividend payments from the plaintiff, which dividends had accrued after said notice, on stock held by him. I find that as soon as the

lien was discharged the defendant received notice of same and within a reasonable time mailed the previously withheld dividends to the plaintiff. I rule as a matter of law that the dividends were properly withheld. I rule as a matter of law that the defendant is not liable to the plaintiff for interest on the sums so withheld."

If the legal effect of the Notice of Tax Lien received by the defendant in this case on February 11, 1946, were actually to prohibit the payment of dividends which were subsequently declared on shares owned by the plaintiff, while the lien was outstanding, it would seem clear that the defendant should not be held liable to pay interest on sums so retained by it under compulsion of law. cf. *Burr* v. *Commonwealth*, 212 Mass. 534, 537; *Ide* v. *Aetna Insurance Co.*, 232 Mass. 523, 525; *Norris* v. *Massachusetts Mutual Life Ins. Co.*, 131 Mass. 294, 296.

The plaintiff contends, however, that under the pertinent federal statutes, the obligation imposed on the defendant by receipt of the Notice of Lien was, at most, merely to retain the dividends for a reasonable time during which the Collector of Internal Revenue might levy upon them; that upon the lapse of such time without levy by the Collector, the defendant was free to pay over the retained dividends to the plaintiff, and should be held liable in damages for failure to have done so. We are not aware of any judicial decision as to the extent to which the mere receipt of a federal Notice of Tax Lien by a debtor of the taxpayer, without further action by the Collector to enforce the lien, precludes the debtor from paying his debt to the taxpayer, or subjects the debtor to serious risk of liability to the United States if he does pay the debt to the taxpayer after receiving such notice. Diligent counsel have been unable to find any such decision, but have referred us to

letter rulings made from time to time by the Bureau of Internal Revenue, and these rulings are not entirely consistent with one another.

See Bu. Int. Rev. ltr. Jan. 2, 1941, quoted in Prentice-Hall 1946 Fed. Tax Service, Vol. 5, Par. 76, 141; Bu. Int. Rev. ltrs. Oct. 4, 1935, and Oct. 30, 1949, referred to in letter of Jan. 2, 1941, *supra;* C.C.H. 1952 Fed. Tax Service, Vol. 4, pars. 1765 B. 048, and 1765 B. 049; C.C.H. 1953 Fed. Tax Service, Vol. 4, Par. 1765.06; cf. *United States v. Worley,* 64 F. Supp. 271, 274.

However, we need not attempt to resolve that problem of Federal statutory interpretation in this case, since it is apparent from the Report that even if the plaintiff's view of the effect of the Notice of Tax Lien is correct, he cannot recover in this action.

Admittedly, the defendant never agreed to pay interest to the plaintiff, and the only possible basis for an award of interest to him would be as damages for delay in the payment of amounts due as dividends on the plaintiff's shares of stock. "But interest which is allowed by way of damages and for the neglect to pay promptly is a mere incident of the debt which falls when the debt itself is extinguished. It is well settled that in such a case, if the debt is paid, there can be no recovery afterward for the interest which might have been collected." *Davis* v. *Harrington,* 160 Mass. 278, 279; *Paul Revere Trust Co.* v. *Castle,* 231 Mass. 129, 132; *Stewart* v. *Barnes,* 153 U. S. 456; *Nelson* v. *Chicago Mill & Lumber Corp.,* 76 F. (2d) 17; *McCreary* v. *Day,* 119 N.Y. 1; See Annotation, 100 A.L.R. 96.

In the instant case, it is undisputed that in April of 1950, the defendant paid the plaintiff the full amount of dividends which had been withheld, and that the plaintiff accepted that payment, as shown by his endorsement and cashing of the defendant's check. This extinguished the debt of

the defendant, and disposed of any right which the plaintiff might have had to recover interest by reason of the delay in payment of the principal debt. That being so, the trial judge's neglect to pass on the plaintiff's requests for rulings (none of which pertained to this phase of the case), and his ruling as to the effect to be given to the Notice of Tax Lien are immaterial, and the finding for the defendant must stand.

Report dismissed.

Robert H. Wyshak, for the Plaintiff.

Henry V. Atherton, for the Defendant.