Zimmerman, J.
It is asserted by the parties, and this court so views the matter, that a decision in this case turns wholly on an interpretation of Section 6296-10, General Code (Section 4507.07, Revised Code). So far as it has any connection with this case that section reads:
“(a) The registrar shall not grant the application of any minor under 18 years of age for .an operator’s or chauffeur’s license unless such application is signed by either parent, guardian or other person having custody of the applicant, or in the event there is no parent or guardian then by a responsible person who is willing to assume the obligation imposed under this act.
“(b) Any negligence or .willful misconduct of a minor under 18 years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or *387 willful misconduct except as otherwise provided in the next succeeding paragraph.
“(c) In the event a-minor deposits or there is deposited upon his behalf proof of financial .responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in the form and in the amounts as required under Sections 6298-1 to 6298-25, inclusive, of the General Code, then the registrar may accept the application of such minor when signed by a parent, guardian or other responsible person, and while such proof is maintained such parent, guardian or other responsible person, shall not be subject to the liability imposed under the preceding paragraph of this’ section.
“(d) Any person who has signed the application of a minor for a license may thereafter surrender to the registrar the license or temporary instruction permit of such minor and request that same be cancelled. Thereupon the registrar shall cancel such license or temporary permit and the person who signed the application of such minor shall be relieved from liability imposed under this act. ’ ’
In his amended petition, the plaintiff alleges in substance that on the night of August 1, 1950, as he was walking on a crosswalk over Commerce street in the city of Youngstown, he was struck and injured by a motor “skooter” being negligently operated by Frank, who was then 18 years of age; that Frank was operating such “skooter” by virtue of a license issued to him under Section 6296-10, General Code; that the application for such license and for permission for Frank to operate the “skooter.” was signed by his mother, Mrs. Lyden; that, at the time of plaintiff’s injury, neither Mrs. Lyden nor Frank had surrendered such license to the State Registrar of Motor Vehicles as provided for in paragraph (d) of Section 6296-10, *388 General Code; and that by reason thereof, under paragraph (b) of such section, there is joint and several liability on the part of the two Lydens.
It is the contention of the plaintiff, with which contention the Court of Appeals was in accord, that, even though Frank had arrived at the age of 18 years when he injured the plaintiff, the provisions of Section 6296-10, General Code, were still applicable and controlling for the reasons that the operator’s license applied for and granted under such section was in full force and effect at such time, not having expired or been cancelled or superseded by a new license, and that until one or more of such events occurred Mrs. Lyden’s liability was continuing; and that, therefore, the action was properly brought and is maintainable against both the Lydens.
On the other hand, Mrs. Lyden argues that the trial court correctly sustained the demurrer to the amended petition for the reasons that under paragraph (b) of Section 6296-10, General Code, the legislative intent is plain that the parent of a minor who signs his application for an operator’s license is jointly liable with the minor for only such negligence and willful misconduct of the minor as occurs while he is under 18 years' of age; that paragraph (d) of such section means simply that the parent may, while a minor is still under 18, surrender the license to the registrar and thus relieve himself of the liability created by signing the application; and that, hence, the trial court rightly sustained the demurrer to the petition and the Court of Appeals erred in its reversal.
This court finds itself in agreement with Mrs. Lyden. As we read Section 6296-10, General Code, as a whole, it means and was intended to mean that the liability of a parent who has signed his minor child’s application for an operator’s license extends only to negligence and willful misconduct of the minor occur *389 ring while he is under 18 years of age. If during that period the parent wishes to escape such responsibility he may surrender the license.
The purpose of the statute, as we construe it, is to create joint liability of parent and child only for negligence and misconduct of the child occurring prior to the time he reaches the age of 18. Upon arriving at such age, the minor attains that degree of maturity in the eyes of the law whereby he may be licensed to operate a motor vehicle independently of parental responsibility. If plaintiff’s theory were adopted, the liability of the parent would continue as to negligence and willful misconduct of the child taking place after he is 18 years of age, unless the license issued when the child was under 18 years of age was surrendered and cancelled. Such theory in our opinion does violence to the obvious purpose and intendment of the statute.
Other factors separate and apart from Section 6296-10, General Code, which might make a parent liable for the operation of a motor vehicle by his child are not involved in this case and are foreign to the present discussion.
The interpretation we have given the statute involved corresponds with the rule that where a statute creates a new and peculiar liability, where no such liability previously existed, such statute ordinarily is to be construed in favor of those sought to be subjected to its terms, if the language used is susceptible to that construction. See 82 Corpus Juris Secundum, 943, Statutes, Section 394; 50 American Jurisprudence, 425, Section 402. Compare Fulton, Supt. of Banks, v. B. R. Baker-Toleclo Co., 128 Ohio St., 226, 190 N. E., 459, 93 A. L. R., 933; and Division of Aid for the Aged, Dept. of Public Welfare, v. Hogan, Admr., 143 Ohio St., 186, 54 N. E. (2d), 781.
A diligent search has failed to divulge any authority directly in point. Attention is directed to annotation, *390 26 A. L. R. (2d), 1320, for a collection of tlie cases dealing with the general subject of the “construction and effect of statutes which make parent, custodian, or other person signing minor’s application for vehicle operator’s license liable for licensee’s negligence or willful misconduct.”
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Tapt, Hart, Stewart and Lamneck, JJ., concur.